## JINDRA v. JINDRA.

### No. 12657.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 24, 1954.

Rehearing Denied March 24, 1954.

Dibrell, Gardner, Dotson & Graham, San Antonio, for appellant.

Jack F. Ridgeway, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a summary judgment only insofar as the trial court allowed attorney's fees to a wife. Dorothy M. Jindra sought and obtained a judgment which declared void a Mexico divorce that her husband had obtained under circumstances amounting to a fraud upon her. The judgment also enjoined her husband, Roy Irvin Jindra, from living with another woman as his wife. Appellee, Dorothy M. Jindra, pleaded that she contracted to pay her attorney a fee in the sum of $500 and asked judgment against her husband in that amount. She then made a motion for summary judgment, supported by the necessary affidavit to show the facts she asserted in her suit for

declaratory judgment, and appellant makes no attack upon any portion of the summary judgment other than the allowance of the attorney's fee.

In her affidavit, presented on the summary judgment hearing, appellee stated that she had contracted and agreed to pay her attorney the sum of $500 as attorney's fees for representing her in the suit. No counter-affidavits were filed by the appellant, but his attack upon that part of the judgment is grounded upon the points that (1), only the attorney can make a claim for the attorney's fee and the wife can not, and (2), since there is nothing in the affidavit which asserts that the amount contracted for is reasonable, an undetermined fact issue existed. The trial court allowed a fee of $350.

A wife in a divorce suit may collect an attorney's fee in her own name rather than in the name of her attorney. Roberts v. Roberts, Tex.Civ.App., 193 S.W.2d 707; Jacks v. Teague, Tex.Civ. App., 136 S.W.2d 896. The object of appellee's suit was preservation of marital rights—rights that are equally dear, whether she proceeds by suit for declaratory judgment or as a party to a divorce action. We refuse to hold that a wife may have legal assistance to protect her marital rights only in a divorce action, particularly when the wife was by fraud denied the right even to appear and defend the divorce action.

The motion for summary judgment, together with the pleadings and admissions on file, state nothing more, with regard to the amount of the fee, than an agreement by Dorothy M. Jindra to pay her attorney $500 as a fee for his services. The trial court allowed a fee of $350. To do this the court had to determine as a fact what it considered was a reasonable fee. The burden in a summary judgment hearing is on the movant, and her showing is silent as regards the reasonableness of the fee. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, stated that one who fails to file a counter-affidavit, in effect, admits all of the allegations of the movant's motion for summary judgment. While appellant's failure to file a counter-affidavit amounted to an admission of the movant's allegations, it did not amount to an admission of additional facts which were in no way asserted by the movant. We are of the opinion that intendments and implications in aid of a showing on a summary judgment hearing should be cautiously indulged, and, in case of doubt, should be resolved against the granting of the summary judgment. Dewey v. Clark, 86 U.S.App.D. C. 137, 180 F.2d 766, 772. Since the appellee's motion did not show the reasonableness of the fee, it was not before the court at all. Not being before the court, it could exercise neither its discretion nor its fact-finding powers to determine the reasonableness of the fee. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265.

The judgment is reversed and the cause remanded to determine as a fact the amount of a reasonable fee.