Kathryn Thomas SWENSON, Appellant-
Appellee,

v.

Bailey Allen SWENSON, Appellee-
Appellant.

No. 15732.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 25, 1971.

Monroe R. Talley, Houston, for appellant-appellee.

Hofheinz & James, W. Ervin James, N. Wyatt Collier, Houston, for appellee-appellant.

COLEMAN, Justice.

This is an appeal from a judgment entered in a Bill of Review action filed for the purpose of relitigating a divorce case. Bailey Allen Swenson, hereinafter called appellant, appeals from the denial of the petition for Bill of Review. Kathryn Thomas Swenson, hereinafter called appellee, appeals from that portion of the judgment denying her prayer for attorney's fees.

Over the objection of the appellant the trial court determined to first try the issues relating to the right to relitigate the questions settled by the previous judgment, reserving for later trial the issues of divorce and property settlement. Prior to the adoption of the Texas Rules of Civil Procedure on September 1, 1941, the law on this question was settled. Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022 (1936). In Hermann Hospital Estate v. Nachant, 55 S.W.2d 505 (Tex.Com.App.1932, holdings approved), the court said:

"* * * In other words, a bill of review is an independent suit filed in a court of competent jurisdiction, and cannot be disposed of in sections by trying the issue of setting aside the original judgment in one proceeding or trial and the issue of meritorious cause of action or defense in another such proceeding or trial. There must be but one trial and one judgment * * *"

Rule 174(b), Texas Rules of Civil Procedure, provides: *"Separate Trials.* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Appellant has cited in support of his position Bridgman v. Moore, 206 S.W.2d 871 (Tex.Civ.App.—Beaumont 1947, writ ref'd, n. r. e.), and Fey v. Woods, 226 S.W. 2d 918 (Tex.Civ.App.—Dallas 1950, no writ). Both of the cases stated the rule that there can be but one trial in a bill of review action at which all isssues must be adjudicated. In Bridgman the court held that an order in such a case merely purporting to set aside a final judgment was ineffective and a later judgment entered on re-trial of the former case was void. The holding can be supported on the reasoning that the order in the bill of review case was not a final judgment. The court stated that the bill of review case was pending in the trial court so far as the record revealed.

The Fey case held that the judgment from which the appeal was taken was not a final judgment and the appeal was dismissed for want of jurisdiction.

The court did not discuss the possibility that the established law had been changed by Rule 174(b) in either of these cases. Two opinions of the Supreme Court of Texas indicate that it is necessary to consider this rule in the disposition of such cases. Palmer v. D. O. K. K. Benevolent Insurance Ass'n, 160 Tex. 513, 334 S.W.2d 149 (1960); Warren v. Walter, 414 S.W. 2d 423 (Tex.1967).

The Supreme Court of Texas has stated that the discretion to require severances and separate trials of issues conferred on trial courts by Rule 174 and other rules is

"about as broad as language could make it." Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 735 (1952). The rule was given thorough consideration by the Supreme Court in Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648 (1958), and the court refused to apply it in that case, saying: "Our conclusion is that although the discretion lodged in trial judges by Rule 174(b) in ordering separate trials of 'issues' is indeed broad and realistic, it does not authorize separate trials of liability and damage issues in personal injury litigation."

■ The court is authorized to order separate trials of issues "in furtherance of convenience or to avoid prejudice." These objectives are as important in a bill of review proceeding as in any other case. A case seeking a bill of review may be filed in all types of litigation, and may involve many complicated issues, all of which must be determined in some manner before a final judgment can be entered. Before this procedure can be successfully invoked the litigant " * * * must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own * * *" Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950).

In Ft. Worth & Denver City Ry. Co. v. Reid, 115 S.W.2d 1156 (Tex.Civ.App.—Ft. Worth 1938, no writ), Justice Speer said:

"The rule of law is well settled in this state that, to entitle a party upon bill of review to have a prior judgment set aside, he must allege and prove such judgment was obtained without fault on his part, and if the former judgment was in his favor, that he has grounds for different and greater relief than that previously given him; and if the judgment sought to be reviewed was one against him, he must show he had, at the time,

a meritorious defense, which if allowed to present, the result would have been different."

In Crosby v. Di Palma, 141 S.W. 321 (Tex.Civ.App.—El Paso 1911, writ refused), Justice Higgins wrote: " * * * It is sometimes stated that a good or a meritorious defense must be shown, but we think the correct statement of the rule is, and that the terms quoted mean only, that it is necessary to reasonably show the result would probably have been different. * * * When this is shown, the measure of the law is fulfilled, and the parties are then relegated to their original status of plaintiff and defendant, with the burden of proof resting upon the plaintiff to make his case, leaving the defendant the right, if he sees fit, to rely merely upon the weakness of his adversary's case * * * "

A clear statement of the rule is found in the case of Winters Mutual Aid Ass'n Circle No. 2 v. Reddin, 49 S.W.2d 1095 (Tex. Com.App.1932), as follows:

"The courts of this state have established a rule that any person injured in a judgment may at a subsequent term institute a suit to set aside such judgment and retry the cause. This is an equitable proceeding. The essential elements must be alleged showing in particular that the judgment was obtained through the wrongful conduct of the opposite party, unmixed with fault upon the part of the complainant, and, moreover, that the complainant has a meritorious defense which, if heard, would probably bring about a different result."

See also, Mann v. Risher, 131 Tex. 498, 116 S.W.2d 692 (1933).

■ While these cases were decided on the pleadings, they emphasize the fact that it is unnecessary for the movant to prove facts constituting a complete defense to the suit in which the judgment was rendered. Where, as in this case, the movant has alleged facts which, if heard, would probably bring about a different result, and

has alleged that he was prevented from presenting those facts by the wrongful conduct of the opposite party, unmixed with fault on his part, it might well serve the public convenience to try the issue of wrongful conduct, and the issue of negligence, or fault, of the movant before beginning consideration of the merits of the case. The question of meritorious defense would be resolved at a later trial by the answers to the issues on the merits submitted to the jury as in any ordinary case.

■ If the litigant failed to prevail at the trial on the issues first presented, an adverse final judgment would result. Such a situation is presented in this appeal. The judgment here entered by the trial court is final rather than interlocutory. Southern Travelers Ass'n v. Stillman, 109 S.W.2d 285 (Tex.Civ.App.—Ft. Worth 1937, writ refused); Hernandez v. Light Publishing Co., 245 S.W.2d 553 (Tex.Civ.App.—San Antonio 1952, writ refused).

■ In support of the judgment we presume that the trial court found that the separate trial of issues in this case would "further convenience" and would "avoid prejudice". In appellant's petition he referred to the pleadings in Cause No. 653,-568, and stated his intention to introduce them into evidence. They do not appear in the transcript or statement of facts. A complete statement of facts was not requested or filed. In the absence of the pleadings and judgment in Cause No. 653,-568, we are unable to say that the trial court abused its discretion in determining that the trial of separate issues would be more convenient for the court and the parties, and that such a procedure would be calculated to avoid prejudice to appellee's cause of action in the event a trial of the remaining issues should be necessary.

The jury failed to find certain defenses (which we assume were raised by the pleadings and evidence) to appellee's cause of action, and failed to find that appellant (1) used due diligence to present his defenses, and (2) was not negligent in his efforts to present his defenses, at the trial of the divorce suit. Appellant has not shown himself entitled to the relief sought.

Appellant's contention that the trial court erred in submitting Special Issue No. 1, in that it presented two or more evidentiary matters in one issue, resulting in a multifarious issue, cannot be sustained. Substantially the same complaint directed at an issue on cruel treatment in a divorce action was considered in Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980 (1948), and the court found the submission proper.

■ No definition of the terms "excesses, cruel treatment or outrages" was placed in the court's charge. No request was made that the terms be defined. Rule 279, T.R.C.P., states: " * * * Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing * * * " The failure to define the terms is not a ground for reversal of the judgment. Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000 (1945).

■ In answer to Special Issues the jury found that it was necessary for appellee to retain the services of an attorney to represent her in this case, and that $20,000.00 would be a reasonable attorney's fee for such attorney's services. The trial court found that appellee had employed attorneys and had agreed to pay them a reasonable attorney's fee; that appellee, in defending this suit, has acted in good faith and upon probable cause; that in Cause No. 653,568, appellee was adjudicated to have no separate property or estate. The judgment recited that the court was of the opinion that as a matter of law he was precluded from awarding attorney's fees to appellee and her attorneys in a Bill of Review case. The judgment, therefore, denied appellee the attorney's fee. By cross-point appellee has complained of this action. Appellant contends that in submitting the issue on necessity of legal ser-

vices the trial court committed fundamental error. Appellant's point was not properly presented to the trial court in a motion for new trial and is waived, unless in fact there is fundamental error. The matter of which appellant complains does not affect the jurisdiction of the court, nor does it present a question involving the public interest. The point does' not present fundamental error. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957); Cain v. Zurich Insurance Co., 426 S.W.2d 575 (Tex.Civ.App.—Dallas 1968).

"The general rule of law in this state is that, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or by suit upon a contract * * *" Turner v. Turner, 385 S.W.2d 230 (Tex.1965).

■ The court can award the wife an attorney's fee in a divorce case. This result has been justified by the courts on the ground that it is necessary for the wife to be represented in a divorce action, and that the husband is liable for "necessaries" furnished to his wife by another. Gonzales v. Gonzales, 117 Tex. 183, 300 S.W. 20 (1927); Moore v. Moore, 192 S.W.2d 929 (Tex.Civ.App.—Ft. Worth 1946).

In Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1951), the court held that in divorce cases where an attorney's fee was allowed the court was not required to charge the fee against the community estate prior to making a division thereof. The court said:

"* * * As we view the problem, it is not a correct approach to its solution to classify the wife's attorney's fees as a necessity, and then apply the rule that necessities are primarily the obligation of the community and secondarily of the husband's separate estate.

"* * * The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances * * *"

■ Thus it appears that a *wife* may collect attorney's fees, in a suit where legal assistance is required to protect her marital rights, out of the community property, or, if necessary, out of the husband's separate property. Jindra v. Jindra, 267 S.W.2d 287 (Tex.Civ.App.—San Antonio 1954); Cohen v. Cohen, 181 S.W.2d 915 (Tex.Civ. App.—El Paso 1944).

■ In this bill of review it was necessary for appellee to prepare to again try all issues which had been litigated in the previous divorce case, including the question of attorney's fees. Where the movant in a bill of review prevails, the judgment previously entered is set aside, and a new judgment, based on the evidence heard on the bill of review, must be entered. On the other hand, where the movant does not prevail, the rights, liabilities and status of the parties, established by the judgment under attack, are not affected.

■ In this case, a judgment entered in a divorce action being under attack, appellee was defending her marital status. However, she was not appearing in the matter as a *wife*. She was a single person seeking to protect her legal rights when the case began, and when it ended. Appellant is not liable for necessities furnished to his former wife after divorce. No community property remains to be divided. Under such circumstances appellee had no legal basis for the recovery of her attorney's fees. Turner v. Turner, supra.

The judgment is affirmed.