**The STATE of Texas, By and Through its Attorney General Jim MATTOX, Appellant,**

v.

**Alain BUENTELLO, Appellee.**

**No. 13–90–016–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 19, 1990.

Michael Ryan, Atty. General's Office, Corpus Christi, Jim Mattox, Atty. Gen., Mary F. Keller, First Asst. Atty. Gen., Rhonda Amkraut Bayer, Asst. Atty. Gen., Child Support Enforcement, Richard G. Hoffman, Sp. Asst. Atty. Gen., Austin, for appellant.

Ida Brazell, Corpus Christi, for appellee.

Before BENAVIDES, KENNEDY and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

The State of Texas, subrogated to the rights of Maria R. Buentello in a child support case, appeals a default judgment on a bill of review in favor of Alain Buentello. By two points of error, the State contends that the trial court erred in granting the bill of review and in awarding attorney's fees to Alain. We affirm the trial court's judgment in part and reverse and render in part.

Alain and Maria first divorced on October 21, 1980. The divorce decree did not specifically divide the community property or order that a specific amount of child support be paid. The court left the division of community property and the amount of child support payments for two children to the agreement of the parties.

In November, 1981, Maria filed for a second divorce, alleging a common-law marriage that arose after the divorce. Her divorce petition recited that she and Alain never reached an agreement regarding the amount of child support he was to pay and that no child support had been paid. She also claimed that an agreement regarding the division of community property had never been reached. In her petition, Maria contended that Alain had failed to provide for her and his children and as a result she had incurred extensive hospital and doctor bills for one of the daughters, paid the outstanding debts on the homestead and furniture by borrowing money, and existed on food stamps.

Maria requested that Alain be ordered to pay child support of $300 per month for both children and be responsible for their medical care. She further requested that she be given the homestead and that Alain be ordered to pay her attorney's fees.

Alain answered Maria's petition with a general denial. A final hearing on the petition, at which Alain did not appear, was held on June 21, 1983. The court determined that Alain had defaulted and entered a divorce decree on July 26, 1983. The court determined conservatorship and ordered Alain to pay child support of $300 per month in two installments per month of $150 each. The court also divided the marital property and awarded attorney's fees to Maria.

Subsequently, in August, 1986, Maria assigned her right to child support to the State, and the court approved the Attorney General's request to receive the child support payments and ordered the payments to be forwarded to his office. At that time, the Texas Department of Human Services began to provide Maria's child support.

On October 21, 1986, the State filed a motion for contempt based on Alain's failure to make his child support payments as ordered in July, 1983. Alain was ordered to appear on January 14, 1987, and show cause why he should not be held in contempt, fined, or imprisoned for his failure to pay court-ordered child support. Alain filed a general denial to the motion for contempt. On March 10, 1987, the court entered judgment, finding that Alain was $4,475 in arrears and that he could afford to make the child support payments, and ordered his employer to withhold money from his paycheck and send it to the State.

On July 10, 1987, Alain filed a bill of review against Maria and the State with regard to the petition for the second divorce which was filed in November, 1981, and the October, 1986 motion for contempt which was based on the decree from the second divorce. He requested that the court declare the divorce decree and the finding of contempt void and that the State be ordered to return any and all sums of money received from Alain. He also requested that his attorney's fees be paid.

Subsequently, on September 10, 1987, the court held a hearing on the bill of review. Although Maria and the State were properly served, neither one appeared. The court granted a default judgment for Alain on the bill of review, stating that the court improperly granted the default divorce decree to Maria because Alain

duly and timely filed an answer, making said default judgment void. The court then stated that the contempt judgment was void because the divorce decree was void and could not support any ancillary judgment. The court specifically found that Alain had a meritorious defense to the divorce action and accompanying causes of action, enjoined Maria and the State from attempting to enforce the prior judgments, ordered Maria to return any child support payments received to the District Clerk, Child Support Division, ordered that the State return any and all sums of money received from Alain made as child support payments, and ordered that Maria and the State pay Alain's attorney's fees.

Subsequently, the State's motion for new trial was granted, the bill of review reheard by a master, the denial of the bill of review appealed to the district court and a trial de novo heard in the district court. Once again, the court granted Alain's bill of review. On May 20, 1988, the court entered judgment on the bill of review. However, no disposition of the divorce action was made. The State appealed this judgment. This court determined that the May 20, 1988, judgment was not a final judgment because it did not dispose of all the issues, rendering this court without power to review it and dismissed the appeal. *State v. Buentello*, 771 S.W.2d 708 (Tex.App.—Corpus Christi 1989, no writ).

The parties returned to the trial court for a July 28, 1989, hearing on Maria's divorce petition and the collateral attack on the findings that had been made on the State's motion for contempt. Immediately before the hearing, the State intervened in the divorce proceedings in order to protect its interest regarding child support. After the presentation of evidence, the court denied the divorce and the motion for contempt, dismissed the action, and requested that the parties provide an order. In its final judgment of November 20, 1989, the court granted Alain's bill of review, incorporating its judgment of September 10, 1987. The court noted that there was no evidence that Alain and Maria were married, either statutorily or at common-law, after the first divorce. The court found that there

was no marital estate and made no provisions for a division of property. The court further made no provisions for child support as there was no evidence that there were any children under the age of eighteen.

By its first point of error, the State contends that the trial court erred in granting the bill of review. The State argues that Alain is not entitled to equitable relief, that he has not presented a meritorious defense to Maria's action, and that there was no showing of diligence by Alain or his attorney.

■ A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to a motion for new trial. *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex.1989); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). Rule 329b(f) of the Texas Rules of Civil Procedure provides: "On the expiration of the time within which the trial court had plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law." Tex.R.Civ.P. 329b(f). The rules do not define "sufficient cause," but the Supreme Court of Texas has enunciated in specific detail the steps necessary to be followed in a bill of review proceeding. *See 1985 Chevrolet Pickup Truck*, 778 S.W.2d at 464–65; *Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex.1989); *Baker*, 582 S.W.2d at 406–09.

■ First, the bill of review petitioner must file a petition alleging factually and with particularity that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *1985 Chevrolet Pickup Truck*, 778 S.W.2d at 464; *Baker*, 582 S.W.2d at 408; *see also Beck*, 771 S.W.2d at 141–42. In his bill of review, Alain contended that the default judgment rendered in the divorce case was void and should be set aside because, although he filed an answer, he was deprived of his opportunity to argue

his case. He contended that there was nothing in the court's file, on any case docket sheet, or any correspondence to him or his attorney indicating any court settings. He contended that he was prevented from making his defense by fraud, accident or wrongful act of Maria and that his failure to make his defense was not the result of his fault or negligence.

The petitioner must further allege, with particularity, sworn facts sufficient to constitute a defense and, as a pretrial matter, present prima facie proof to support the contention. *1985 Chevrolet Pickup Truck*, 778 S.W.2d at 464; *Baker*, 582 S.W.2d at 408. Alain's bill of review contained assertions that he had a meritorious defense to the divorce action, the property division, the conservatorship and the support provisions. He asserted that the court did not have jurisdiction to enter the default judgment because he had filed an answer. Alain also argued that he had a good and meritorious defense in the arrearage judgment in that he did not know that he was obligated to pay. He contended that he first knew of the default judgment on May 14, 1987, when his attorney examined the court file. He stated that the postcard notice of entry of default judgment required by the Texas Rules of Civil Procedure was never received by him. He also stated that he was not aware at the hearing on the motion for contempt that the arrearage alleged was based on the default divorce decree.

▆▆▆ The trial court should conduct a pre-trial hearing in which the only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense. *Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 408–09. Only after a prima facie showing should a trial court conduct a trial on the remaining elements. *Beck*, 771 S.W.2d at 142. A prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker*, 582 S.W.2d at 408–09; *Lambert v. Coachmen Industries of Texas, Inc.*, 761 S.W.2d

82, 86 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file with the court along with such other evidence as the trial court may receive in its discretion. *Baker*, 582 S.W.2d at 409; *Lambert*, 761 S.W.2d at 86.

To establish a prima facie defense in this case, Alain argued that the second divorce decree was void because he and Maria had never remarried after the first divorce. At the beginning of the hearing on the bill of review, he testified that after he and Maria were divorced in 1979, he never remarried her or lived with her. Alain testified that he has been divorced only one time.

Alain also testified regarding his defense to Maria's allegations regarding his failure to pay child support and the State's motion for contempt for failure to pay child support. He testified that after the divorce he paid child support regularly of $50 per week; copies of the receipts for those payments were admitted into evidence. Alain's oldest child turned eighteen in 1985. After the oldest child turned eighteen, Alain paid $100 a month for the younger. Alain's youngest child moved from her mother's home in Robstown to Dallas in 1986, and was married in March or April 1987. Beginning in 1986, Maria also received child support from the State. Alain stated that he knew that at the time he was giving child support to Maria, she was also receiving money from the State. He also testified that he had paid all of his daughter's outstanding medical bills.

Deniz Tor, an attorney at the firm which initially represented Alain in the second divorce, testified as an expert in family law. He stated that in his opinion, Alain had two meritorious defenses to the second divorce action. His first would be to the common-law marriage, and his second would be to the inappropriate filing of the suit affecting parent-child relationship when it was already under the jurisdiction of another cause, namely the first divorce.

▆▆▆ In addition to hearing evidence regarding Alain's meritorious defenses, the court reviewed the evidence relevant to

Alain's allegations regarding the circumstances under which the prior judgment was rendered. In this case, with regard to the divorce petition, Alain complained of a lack of notice of the trial setting and asserted that there was no negligence on his part or on the part of his attorney. A party is entitled to fair notice of his trial setting, and the failure to give adequate notice constitutes a lack of due process. *Williams v. Holley*, 653 S.W.2d 639, 640 (Tex.App.—Waco 1983, writ ref'd n.r.e.). To the extent there is reliance on the erroneous official information given by an official court functionary preventing the filing of a motion for new trial, the bill of review plaintiff is excused from showing the wrongful conduct, fraud or accident of the opposite party. *Baker*, 582 S.W.2d at 407. When a record does not affirmatively show on its face that a defendant did not have notice of the trial setting, the defendant's remedy is a proceeding by bill of review where he will have the opportunity to prove the notice was not given. *Williams*, 653 S.W.2d at 641.

■ Alain testified that after he received Maria's petition for the second divorce, he contacted Mark Hanes, an attorney, who took care of it for him. Alain stated that when he received the petition, he did not know that it was a petition for second divorce because he could not read. He stated that Hanes read the papers to him through an interpreter and told him that he would take care of it. According to Alain, Hanes never told Alain what the papers were. Alain never received any correspondence from the court indicating any kind of court setting.

Tor testified that Hanes was no longer with the firm. He reviewed Alain's file and stated that the only notice from the court regarding the case was an April 22, 1983, notice that the case was to be dismissed on June 9, 1983, for want of prosecution. The file did not contain a notice of a docket control conference or a notice of a trial setting or a default setting. The file also did not contain notice of a default judgment. He stated that the fact that none of these notices were in the file would

lead him to believe that they were not received at their office. On cross-examination, Tor stated that he had seen a letter in the court's file regarding the June 21, 1983, hearing which was "cc: Mark Hanes." He testified that although the court may have intended to send the letter to Hanes and that the court may have in fact sent it, he did not believe that Hanes necessarily received the letter. In support of his position, he recited his standard office procedures regarding the date stamping of correspondence received, the filing of that correspondence in the appropriate files, and the absence of that correspondence from Alain's file.

Alain also testified with regard to the contempt hearing, complaining that he did not know that the contempt proceedings were related to the second divorce because he never received any correspondence from the court saying that a divorce decree had been entered against him; he did not get a postcard from the courthouse saying that a default judgment had been taken. Alain never went to court on the second divorce petition and Maria never told him that she had gotten a second divorce in 1983. He did not understand what was going on at the time of the contempt hearing. He stated that he only signed the papers because his attorney told him to and because the judge was getting angry about him not understanding.

Because Alain did not receive adequate notice of his trial setting, he was entitled to bring a bill of review. He presented evidence which the trial court could have found was prima facie evidence of a meritorious defense to the divorce and child support allegations in Maria's divorce petition and the arrearages contentions in the State's motion. Further, he presented evidence which proved that there was no negligence on his part or the part of his attorneys in the proceedings following the filing of his answer. We find that the trial court did not err in granting Alain's bill of review. Accordingly, we overrule the State's first point of error.

By its second point of error, the State contends that the trial court erred in enter-

ing a judgment for $5,500 in attorney's fees against it in its final judgment disposing of all the causes of action in both Maria's second divorce petition and the State's motion for contempt. The judgment awarded $3,500 to Ida Brazell, Alain's attorney on the bill of review, in conjunction with the return of unlawfully seized money. The remaining $2,000 was awarded to Ida Brazell in conjunction with the State's initial appeal of the interlocutory judgment granting the bill of review.

■ The State contends that there is no statutory basis for an award of attorney's fees in this case. Alain counters that he is entitled to attorney's fees pursuant to Texas Civil Practice and Remedies Code § 38.001 (Vernon 1986). This section provides that:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:
(1) rendered services;
(2) performed labor;
(3) furnished material;
(4) freight or express overcharges;
(5) lost or damaged freight or express;
(6) killed or injured stock;
(7) a sworn account; or
(8) an oral or written contract.

This case, which is a bill of review brought to set aside a judgment in a divorce action, does not fall within the scope of this statute.

■ Alain also argues that he is entitled to attorney's fees pursuant to Tex.Civ. Prac. & Rem.Code § 105.002 (Vernon 1986). According to this section, a party to a civil suit in a court of this state brought by a state agency in which the agency asserts a cause of action against the party is entitled to recover reasonable attorney's fees in addition to all costs allowed by law, fees, and expenses if the judgment is awarded to the party. Tex.Civ.Prac. & Rem.Code Ann. § 105.002 (Vernon 1986). Contrary to Alain's assertions, however, the suit for which Alain's attorney was awarded attorney's fees was not a suit brought by the State. The attorney's fees were awarded in a bill of review proceeding to have Maria's default divorce judgment set aside which, consequently, operated to void the judgment previously awarded the State. The State Attorney General did not assert the divorce action; the State intervened, seeking to protect its interest with regard to any awards of child support which may have been made in conjunction with the divorce. This section does not provide a legal basis for awarding attorney's fees to Brazell from the State.

Further, Brazell was not representing Alain during the contempt proceeding and that proceeding was never relitigated. Therefore, even if § 105.002 had applied, Brazell would not be entitled to fees because she was not Alain's attorney at the time the State's action was litigated.

■ Moreover, we cannot find any other legal basis justifying the award of attorney's fees to Brazell. When the movant on a bill of review does not prevail, the rights, liabilities and status of the parties, established by the judgment under attack, are not affected. *Swenson v. Swenson*, 466 S.W.2d 424, 428 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). Attorney's fees are available to the defendant in an unsuccessful bill of review proceeding when attorney's fees would be available "on appeal," pursuant to the default judgment in the underlying cause of action. *See Rodriguez v. Holmstrom*, 627 S.W.2d 198, 202 (Tex.Civ.App.—Austin 1981, no writ). When the movant on a bill of review prevails, the judgment previously entered is set aside, and a new judgment, based on the evidence heard on the bill of review, must be entered. *Swenson*, 466 S.W.2d at 428. It follows that attorney's fees would be available to the successful party if there was a legal basis for awarding them pursuant to the underlying cause of action. *See Swenson*, 466 S.W.2d at 428. Alain's bill of review was brought to set aside the judgment in his second divorce from Maria and, consequently, have the unfavorable judgment in the State's contempt proceeding also set aside. The underlying cause of action was not the contempt proceeding; the bill of review did not seek to have the

contempt proceeding relitgated, it sought only to have the second divorce relitigated and set aside on the ground that there was no second marriage. This would then have the effect of destroying the judgment upon which the contempt action had been litigated.

In a suit for divorce, the court may award costs, including attorney's fees, to any party as it deems reasonable. *See Harris v. Harris,* 657 S.W.2d 921, 923 (Tex. App.—Corpus Christi 1983, writ dism'd); Tex.Fam.Code Ann. § 3.65 (Vernon 1975). Before the court can award attorney's fees in a divorce action, however, the existence of a marriage relationship must be proven. *See Ex parte Threet,* 160 Tex. 482, 333 S.W.2d 361, 364 n. 1 (1960). In this case, the court determined that there was no marriage relationship. Hence, the court had no basis to award attorney's fees.

We find that there was no legal basis for the awards of attorney's fees to Brazell for her participation in any stage of the bill of review proceeding and that trial court erred in awarding attorney's fees. We sustain the State's second point of error.

The trial court's judgment insofar as it awarded attorney's fees is reversed, and we render judgment that Alain take nothing on his claim for attorney's fees. The remainder of the judgment is in all things affirmed.