**Bryan MAXEY, Appellant,**

v.

**Richard MORRISON, et al., Appellees.**

**No. 13-92-106-CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 17, 1992.

Rehearing Overruled Jan. 14, 1993.

Bryan Maxey, Houston, for appellant.

Warren R. Taylor, Floyd, Taylor & Riley, Kenneth W. Burch, Gray, Burch & Haddad, Ralph E. Burnham, Floyd, Taylor & Riley, Houston, for appellees.

Before NYE, C.J., and GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

Brian Maxey appeals from a take-nothing judgment, rendered against him following a trial on his bill of review. Maxey brought a legal malpractice claim against appellees alleging negligence in handling an appeal. Maxey, appearing pro se in this Court, complains of the judgment by six points of error.

Maxey hired Richard Morrison to prosecute an appeal for him. The appeal was eventually dismissed for want of prosecution. Maxey then filed a legal malpractice

suit against Morrison and Morrison's employers (appellees). The malpractice suit was also dismissed for want of prosecution. Maxey then filed a bill of review. The trial court rendered summary judgment in favor of appellees on the bill of review. Maxey appealed. In an unpublished opinion, the First Court of Appeals ruled that the proceeding on Maxey's bill of review raised fact questions on whether the malpractice case was dismissed due to official mistake or due to Maxey's own negligence. *Maxey v. Morrison*, No. 01–88–00166–CV, 1989 WL 66231 (Tex.App.—Houston [1st Dist.] June 8, 1989, n.w.h.) (not designated for publication). The Houston First Court of Appeals remanded the case for a hearing on the bill of review. After the hearing, the trial court rendered judgment against Maxey, finding that he failed to meet his burden of proof. We affirm the trial court's judgment.

By points one and six, Maxey complains that the trial court erred by holding a hearing after the Court of Appeals ruled for him. Maxey apparently misunderstands the nature of the summary judgment procedure from which he appealed, as well as the relief granted him by the First Court of Appeals. In a summary judgment proceeding, the movant (appellees here) seeks to establish that a trial on the merits is unnecessary because there are no genuine issues of material facts as to one or more of the essential elements of the plaintiff's cause of action and that the movant is entitled to judgment as a matter of law. *Harbour Heights Dev., Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The First Court of Appeals' opinion merely granted Maxey the right to a hearing in order to prove the elements of his bill of review. It did not entitle Maxey to a jury trial on his malpractice claim. The Court of Appeals could not have rendered judgment in Maxey's favor on the bill of review because Maxey did not move for summary judgment before the trial court. *City of West Tawakoni v. Williams*, 742 S.W.2d 489,

495 (Tex.App.—Dallas 1987, writ denied). The trial court did not err in holding a hearing on the bill of review.

Maxey further complains that the trial court erred in closing his case rather than granting a jury trial after the bill of review hearing. A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Ortega v. First Republicbank Fort Worth*, 792 S.W.2d 452, 453 (Tex.1990); *State v. Buentello*, 800 S.W.2d 320, 325 (Tex.App.—Corpus Christi 1990, no writ.). A bill of review petitioner must plead and prove: (1) a meritorious claim or defense; (2) that he was prevented from making by fraud, accident or wrongful act of his opponent; (3) unmixed with any fault or negligence of his own. *Ortega*, 792 S.W.2d at 453.

To prevail on his bill of review, Maxey was first required to prove that he had a meritorious underlying claim (i.e. that the malpractice suit was meritorious). *Beck v. Beck*, 771 S.W.2d 141, 142 (Tex.1989); *Buentello*, 800 S.W.2d at 325. Maxey had to establish a prima facie meritorious claim by showing that judgment would be rendered in his favor on the merits of the underlying lawsuit if no evidence to the contrary were offered. *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979). Once he established that he had a meritorious claim, Maxey would also have had to show that the dismissal of the malpractice suit was not due to official mistake, nor due to any fault or negligence of his own.[1] *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex.1989).

In an appellate legal malpractice suit, the claimant is required to prove that, but for the attorney's negligence, he would have prevailed on the appeal. *Milhouse v. Wiesenthal*, 775 S.W.2d 626, 627 (Tex. 1989). Such a showing is required because if the appeal would not have been successful, any alleged negligence on the part of the attorney could not have caused the claimant any damage. Maxey asserted

---

1. The First Court of Appeals found as a matter of law that appellees did not obtain the summary judgment by their own fraud, accident or wrongful act. *See* point two, *infra*.

that, but for Morrison's negligence, he would have won his appeal. In order to prove this, Maxey was required to bring to the trial court the same evidence he would have presented to the court of appeals, such as the transcript, the statement of facts, proposed points of error, and the law in support thereof. *See generally Buentello,* 800 S.W.2d at 327; TEX.R.APP.P. 50, 74. We briefly review the facts of the lawsuit underlying the appeal which Maxey claims was negligently handled.

Maxey purchased two apartment complexes from American General Insurance Company (American General) for approximately $900,000. He defaulted on the note and American General foreclosed. Thereafter, Maxey sued American General for misrepresenting the amount of rental income from the apartments. American General counter-claimed for the deficiency on the note. After a jury trial, judgment was entered against Maxey on both his claims and American General's counter-claim. Maxey appealed, and hired Morrison to prosecute the case on appeal. The case was transferred to the Tyler Court of Appeals. Maxey alleges that Morrison secured some 14 continuances, after which the Tyler court dismissed the case for want of prosecution. At that point, Maxey proceeded pro se and filed suit against Morrison and his employers for legal malpractice. The dismissal of the malpractice suit leads us to the present action on Maxey's bill of review.

Maxey had to establish a prima facie case of appellate legal malpractice in order to prevail on his bill of review and obtain a reinstatement of his own cause of action.

The only evidence Maxey brought from the appeal of his case against American General was three jury questions in which the jury found the value of the property Maxey purchased. Although the jury apparently found a difference in the value of the property before the sale to Maxey and its value immediately thereafter, the jury refused to find that the seller falsely represented the monthly income figures from the property. Maxey argues that the two favorable jury responses entitled him to judgment. Neither the trial court nor the appellate court had enough evidence before it to determine if the jury's answers fatally conflicted, as Maxey seems to assert. Without the statement of facts, the appellate court must presume that the evidence adduced at trial supports the jury's findings and the trial court's judgment. *Murray v. Devco Ltd.,* 731 S.W.2d 555, 557 (Tex.1987). Without more of the record from the first suit, the jury's answers and Maxey's argument, standing alone, are wholly inadequate to prove that Maxey would have succeeded in his original appeal. Maxey admitted at the hearing that he did not have the documents from the Tyler appeal. Such evidence was necessary in order for him to establish his prima facie case of appellate legal malpractice.

Having found that Maxey did not prove an essential element of his malpractice suit, namely causation, the trial court determined that Maxey could not show that he had a meritorious underlying claim for purposes of his bill of review. The trial court rendered judgment for appellees. The trial court properly closed the file on Maxey's case. Points one and six are overruled.

By point two, Maxey contends that the trial court erred in refusing to permit him to introduce evidence of fraud on the part of appellees. At the bill of review hearing, Maxey sought to show that appellees defrauded him by accepting money to prosecute his appeal and then failing to do so with diligence. The First Court of Appeals found as a matter of law that the dismissal was in no way procured by any wrongful act of appellees. The Court remanded the cause so that Maxey could show that his malpractice suit was dismissed due to official mistake, without any fault or negligence on Maxey's part. Maxey's evidence went to the legal malpractice claim itself and was clearly premature in the bill of review preliminary hearing. In order to prevail on the bill of review, Maxey had to first establish that he was entitled to reinstatement of the malpractice claim by showing that the dismissal of that claim was not due to official mistake or his own negligence. The record shows that the appellees stipulated for the limited purpose of

the preliminary hearing that Maxey could make a prima facie showing of negligence. It still remained for Maxey to show that, but for Morrison's negligence, he would have prevailed on appeal in his original suit. As stated above, Maxey was unable to do this. The trial court did not err in excluding Maxey's evidence. Point two is overruled.

By point three, Maxey complains that the trial court erred in entering judgment for appellees after they stipulated that Maxey could establish a prima facie case of negligence. The statement of facts reveals that appellees stipulated for the limited purpose of the preliminary hearing that appellant could make a prima facie case of negligence. However, they refused to stipulate to causation. Appellees' stipulation to a prima facie case of negligence meant that appellees agreed that Maxey could show that Morrison breached his duty of care owed to Maxey. As stated above, Maxey admitted he had no evidence to show his causation element. Maxey failed to make a prima facie showing of a meritorious claim. Point three is overruled.

By point four, appellant claims that the trial court's ruling has forced him to appeal his case a second time, which he argues implicates the constitutional prohibition against double jeopardy. Both the United States and Texas Constitutions forbid placing a person "in jeopardy of life or liberty" twice for the same offense. U.S. CONST. amend. V; TEX. CONST. art. 1, § 14. The doctrine generally applies only to criminal prosecutions, although civil actions with sanctions whose only purposes are to punish may also implicate the prohibition against double jeopardy. *See generally Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); Y. KAMISAR, W. LAFAVE, J. ISRAEL, MODERN CRIMINAL PROCEDURE at 1412 fn. (a) (7th ed. 1990); W. LAFAVE, J. ISRAEL, CRIMINAL PROCEDURE at 899 (1985). The fact that appellant has appealed this civil action twice does not implicate the prohibition against double jeopardy. Neither are the doctrines of res judicata or collateral estop-

pel offended here. *See Marange v. Marshall*, 402 S.W.2d 236, 239–241 (Tex.Civ. App.—Corpus Christi 1966, writ ref'd n.r.e.). Appellant's appeal to the First Court of Appeals was to dispute the trial court's ruling that no fact issues existed, and the First Court agreed. The appeal to this Court is to dispute the trial court's finding that appellant had not proven the causation element of his malpractice claim. The issues are distinct, and although appellant was still in the race after prevailing in his first appeal, he failed to clear the next hurdle facing him at the hearing on his bill of review. Point four is overruled.

By his fifth point of error, appellant complains that the trial court should have delayed signing the judgment from the hearing on the bill of review so that the court of appeals could determine if there were fact issues which would necessitate a jury trial. Generally, absent a final judgment, an appellate court is without jurisdiction to render an opinion. *Northeast Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Only if the trial court commits a clear abuse of discretion where there is no adequate remedy at law may an appellate court intercede prior to final judgment. *Milner v. Kilgore*, 718 S.W.2d 759, 760 (Tex.App.—Corpus Christi 1986, no writ). The evidence presented at the bill of review hearing showed that Maxey could not prove an essential element of his malpractice claim. Appellees established that they were entitled to judgment on the bill of review. The trial court did not err. Point five is overruled.

After carefully reviewing the entire record before us, we AFFIRM the trial court's judgment.