COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
  
 DIANA MAE SIMS,
  
                            
 Appellant,
  
 v.
  
 DONALD L. SIMS,
  
                            
 Appellee.
  
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  '
 
  
 
 
  
  
                  No. 08-02-00038-CV
  
 Appeal from the
  
 255th
 District Court
  
 of Dallas
 County, Texas 
  
 (TC# DF98-12328-S)
  
 
 


 

MEMORANDUM
OPINION

 

Diana
Mae Sims, pro se, appeals a final decree of divorce.  She complains the trial court proceeded
without her, while she was incarcerated. 
She also complains of the trial court=s
division of marital assets, including a one hundred thousand dollar award
implementing a federal restitution provision, and the
award of attorney=s fees
and costs.  We affirm all aspects of the
judgment except the amount of attorney=s
fees;  we render
judgment for the corrected amount.

I








Both
appellant and her former spouse, Donald L. Sims, appellee,
are in their seventies.  They were
married forty years.  The divorce
proceedings followed a bizarre episode ending with appellant=s plea of  guilty to federal kidnaping
charges.  The appellee
was taken from his home in Farmers Branch, Texas, and deposited in the Veteran=s Administration Hospital in
Coatesville, Pennsylvania.  After appellee=s
abduction, appellant utilized a 1986 power of attorney to transfer both
community real estate and title to a motor vehicle to her name.  She also withdrew approximately twenty-three
thousand dollars from their joint checking account.

As
part of her guilty plea, appellant entered into a stipulation of
restitution.  The restitution stipulation
provided in part:  A[T]hat the total amount of restitution
due and owing by Defendant Diana Sims to the victim, Donald Sims, is $100,000.@ 
This stipulation also provided:  A[I]t is understood that the details of
how this amount will be satisfied may be worked out in the divorce proceeding
pending between Donald Sims and Diana Sims.@  A second evaluation stipulation was attached
to the stipulation of restitution and listed the eight principal assets of the
two parties.  This second stipulation was
also signed by appellant, her defense counsel, and the Assistant United States
Attorney in charge of her case. 
Virtually all of the divorce court=s
judgment and findings are generally supported by these two stipulations,
properly introduced into evidence at the divorce trial.

II

The
trial judge has wide discretion in dividing the parties= community estate.  Murff v. Murff, 615 S.W.2d 696, 698
(Tex. 1981); Winkle v. Winkle, 951 S.W.2d 80, 87 (Tex. App.--Corpus
Christi 1997, pet. denied).  The
party attacking the property division bears the heavy burden of showing that
the trial court=s
property division was not just and right. 
Goetz v. Goetz, 567 S.W.2d 892, 896 (Tex. Civ. App.--Dallas 1978, no writ).  We must indulge every reasonable presumption
in favor of the trial court=s
proper exercise of its discretion.  Vannerson
v. Vannerson, 857 S.W.2d 659, 669 (Tex.
App.--Houston [1st Dist.] 1993, writ denied).








One
who complains of the trial court=s
division of property must be able to demonstrate from evidence in the record
that the division was so unjust and unfair as to
constitute an abuse of discretion.  Finch v. Finch, 825 S.W.2d 218, 221 (Tex. App.--Houston [1st
Dist.] 1992, no writ); Wallace v. Wallace, 623 S.W.2d 723, 725 (Tex. Civ. App.--Houston [1st Dist.] 1981, writ dism=d).  A trial court=s
division will not be disturbed on appeal unless it appears from the record that
the division was clearly the result of an abuse of discretion.  Mogford v. Mogford, 616 S.W.2d 936, 944
(Tex. Civ. App.--San Antonio 1981, writ ref=d n.r.e.).  The test for whether the trial court abused
its discretion is whether the court acted arbitrarily or unreasonably.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-43 (Tex. 1985); see also Wilson v. Wilson, 44 S.W.3d
597, 600 (Tex.  App.--Fort
Worth 2001, no pet.).

III

In
her first of ten issues, appellant complains the trial court should have
delayed the trial until she was represented. 
Appellant provides no citation to the record or authority.  See Tex.
R. App. P. 38.1(h).  Nevertheless, our independent review of the
record reveals no motion for continuance, or other pleading calling to the
trial court=s
attention, a request for additional time or delay.  A[N]or
shall any continuance be granted except for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law.@ 
Tex. R. Civ.
P.  251.  Because appellant did not properly inform the
trial court of her request, we cannot assign error to the court for failing to
do something he was not requested to do. 
Appellant=s first
issue is overruled.








Appellant
next complains that the trial court should not have awarded appellee
one hundred thousand dollars restitution because the federal restitution is
being appealed.  While appellant does
attach a Habeas Corpus Motion under 28 U.S.C. '
2255 to her brief, we find no such pleading in the record.  Allegations asserted by appellant, not found
in the record, may not be considered.  Siefkas
v. Siefkas, 902 S.W.2d 72, 74 (Tex. App.--El Paso
1995, no writ).  Further, the only
information of record indicates a final judgment from the District Court for
the Eastern District of Pennsylvania.  As
part of the federal court stipulation, in the nature of a confession of
judgment, appellant agreed Athe
details of how this amount [$100,000] will be satisfied may be worked out in
the divorce proceeding pending between Donald Sims and Diana Sims.@ 
We note that even in her absence from the trial, the court below gave
appellant credits against this stipulated restitution.  Because there is no
evidence the federal judgment is not final, we overrule appellant=s second issue.

Next
appellant asserts the trial court erred in the value and characterization of a
1981 Volvo.  Appellant claims the Volvo
was her separate property because it was purchased during a separation.  Once again, this information, even if
material, is outside the record.  In any
event, the Volvo was awarded to appellant as her sole and separate property.  And while she was given credit against the
restitution judgment for the value of the 1993 Pontiac Grand Am in the amount
of $3,725, the assigned value of the Volvo, even if error, is harmless.  Tex. R. App. P. 61.1(a).  Stated otherwise, even if the Volvo were
separate property--which it was not--and valued too high by the court, it did
not cause the rendition of an improper judgment.  Id. 
This issue is overruled.

In
her fourth issue, appellant states all the household furnishings, except one
bedroom suite, were her separate property. 
She points to no record evidence to support this contention and we find
none.  See Siefkas,
902 S.W.2d at 74. 
This issue is overruled.








Next
appellant seems to challenge the Aassumptions@ concerning the transfer of two pieces
of real estate.  We assume she is
challenging the court=s
additional finding number 
five.  There the court
found that appellant breached her fiduciary duty by using a power of attorney
to transfer the  two
properties to herself.  We view this as a
sufficiency challenge.  The record
discloses her stipulation regarding restitution of the two properties.  The record also reveals appellee=s testimony that in his absence,
appellant conveyed community property to herself.  Thus, the finding is supported by the
evidence.  See Dow Chemical Co.
v. Francis, 46 S.W.3d 237, 241‑42 (Tex. 2001).   This
issue is overruled.

In
her sixth issue, she argues the court erred in awarding appellee
a disproportionate share Ainasmuch
as the court=s reasons
listed are untrue.@  In her brief, she lists sixteen reasons why
the trial court abused its discretion in the property division.  Three of the sixteen challenges contain
sufficient citation to the record to enable us to address them.  See Tex.
R. App. P. 38.1(h).  She argues she could not have wasted the
estate when she was locked up.  While
probably, but not necessarily true, we cannot perceive how this would
materially affect the trial court=s
decision.  See Tex. R. App. P.  61.1(a).  She argues appellee
should pay both of the parties=
attorney=s
fees.  This will be addressed in the
ninth issue.  Finally, she says she was
not able to care for the properties and has seen the value diminish.  The record is to the contrary, indicating
most of the values at the exact amounts found in the stipulation signed by
appellant.  The test for abuse of
discretion is whether the court acted arbitrarily or unreasonably.  Wilson, 44 S.W.3d at
600.  Based on the record
information, we find no such abuse.  This
issue is overruled.

Next
she argues she should not have been made responsible for community debts
preceding the date of separation.  Even
if we were to assume an abuse of discretion in awarding appellant all
pre-separation debts, none are listed in the judgment, and appellant points to
none in the record.  Accordingly, such
error, if any, is harmless. Tex. R. App.
P.  61.1(a).  This issue is overruled.








In
Issue Eight, appellant assails the award of the homestead to appellee.  In her
argument, she cites two federal cases indicating restitution could not be made
against an exempt homestead under Texas law. 
We assume, without deciding, that is correct.  However, in the marital property division
arena, the homestead may be awarded to one spouse and the second spouse may be
required to execute a general warranty deed conveying his or her interest in
the community property.  Magallanez v. Magallanez, 911 S.W.2d 91, 94
(Tex. App.--El Paso 1995, no writ). 
In any event, the trial court=s
action here was a part of the division of the estate.  Once again, the court=s
action is reviewed by an abuse of discretion standard.  Wilson, 44 S.W.3d at
600.  We do not find the trial
court acted arbitrarily or unreasonably. 
The issue is overruled.

In
her ninth issue, appellant argues against the award of attorney=s fees against her.  While earlier in Issue Six she stated appellee should pay for all attorney=s
fees, appellant now asks that each party pay their own attorney fees.  We also liberally construe this issue as a
challenge to the legal and factual sufficiency of the amount of attorney=s fees. 
Appellant contends the award of attorney=s
fees in the amount of seventeen thousand dollars, is Aunjust
and uncalled for.@  She claims appellee
has Aviciously
bitten the only hand that took care of him. . . .@  Our review of the record indicates the only
evidence of attorney=s
fees before that trial court was the testimony of appellee=s counsel.  He testified to having eighty-three and
two-tenths hours in the case, which was rounded to eighty five hours for final
document preparation.  The attorney
testified that a reasonable rate for this case was one hundred fifty dollars per
hour.[1]  He also testified that the one hundred and
fifty dollar rate represented his agreement with appellee.  The trial court increased the rate by fifty
dollars per hour to a total of seventeen thousand dollars.








 We review an award of attorney fees under an
abuse of discretion standard.  Oake
v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985).  In a divorce case, the trial court may award  attorney fees
as costs against a party as it deems reasonable.  Tex. Fam. Code Ann. ' 106.002(a) (Vernon 2002); State by and through
Mattox v. Buentello, 800 S.W.2d 320, 327 (Tex.
App.--Corpus Christi 1990, no writ).  The Texas Supreme Court informs us that the
factors that a fact finder consider when determining the reasonableness of a
fee include:  (1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill
required to perform the legal service properly; 
(2) the likelihood that the acceptance of the particular employment will
preclude other employment by the lawyer; 
(3) the fee customarily charged in the locality for similar legal
services;  (4) the amount involved and
the results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with
the client; (7) the experience, reputation, and ability of the lawyer or
lawyers performing the services;  and (8)
whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services have been rendered.  Arthur Andersen &
Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).  The trial count did not err in awarding
attorney=s fees
against appellant.  See Eikenhorst v. Eikenhorst,
746 S.W.2d 882, 890 (Tex. App.--Houston [1st Dist.] 1988, no writ).  However, because the trial court increased
the attorney=s fees
based on matters not appearing in the record, we reverse and render that
portion of the judgment stating the amount of attorney=s
fees.  See Dow Chemical Co.,
46 S.W.3d at 241‑42.  Based on the undisputed testimony, the award
of attorney=s fees
should be twelve thousand seven hundred and fifty dollars; the judgment is
reformed and rendered to reflect this lower amount.  See
Tex. R. App. P. 43.3.  Appellant=s ninth issue is sustained in part and
overruled in part.








Finally,
in her last issue, appellant contends the court erred in ordering her to pay
court costs.  In a suit to dissolve a
marriage, the court may award costs to a party. 
Tex. Fam.
Code Ann. ' 6.708(a)
(Vernon 1998); Buentello, 800
S.W.2d at 327.  AThe successful party to a suit shall
recover of his adversary all costs incurred therein, except where otherwise
provided.@  Tex.
R. Civ. P. 131.  There is no abuse of discretion when the
trial court follows the mandates of the law. 
The issue is overruled.

The
judgment of the trial court is affirmed in all respects, except the amount of
the award of attorney=s
fees.  The attorney=s fees portion of the judgment is
rendered in the amount of twelve thousand, seven hundred and fifty
dollars.  Costs are accessed against the
appellant.

 

DON WITTIG,
Senior Justice

August 29, 2003

 

Before Panel No. 5

Larsen, McClure, and Wittig, JJ.

(Wittig, J., sitting by
assignment)

 











[1]Appellant
was not present at the trial, nor was she represented.  The proceeding lasted forty-nine minutes.

Even in
appellant=s
absence, appellee=s
counsel laudably noted an arithmetical error against appellant and called it to
the attention of the trial court who promptly corrected the error.