**The STATE of Texas, Appellant,**

v.

**Alain BUENTELLO, Appellee.**

**No. 13–88–295–CV.**

Court of Appeals of Texas, Corpus Christi.

May 25, 1989.

---

---

Ryan Michael, Atty. General's Office, Corpus Christi, Charles G. Childress, Asst. Atty. Gen., Austin, for appellant.

Ida Brazell, Corpus Christi, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an attempted appeal from a judgment granting an equitable Bill of Review in a divorce action. The trial court declared the decree of divorce void and granted other relief. Appellant now complains of the court's judgment by three points of error. However, we dismiss the appeal for want of jurisdiction because the judgment is not final. Although the prior judgment was set aside, no relief was either granted or denied under the original petition for divorce.

Maria and Alain Buentello were originally divorced in 1979. In 1981 Maria, alleging a common law marriage that arose after the divorce, again filed for divorce against appellee in Cause No. 81–5117–C in the 94th District Court of Nueces County. Appellee answered the petition by general denial, and the case was set for final hearing.

On July 26, 1983, the trial court, after finding that appellee defaulted by failing to answer, entered a decree of divorce, divided property, awarded conservatorship, and ordered appellee to pay child support in the amount of $300 per month. In August, 1986, the court approved the Attorney General's request to receive the child support payments and ordered the payments to be forwarded to his office.

On October 21, 1986, the Attorney General filed a motion for contempt against appellee seeking to enforce the child support order. The court granted the motion ordering appellee to pay $4,475.00 in child support arrearages and to resume his monthly payments of $300.00.

Appellee filed a petition for Bill of Review on April 27, 1988, seeking to set aside the July 26, 1983 divorce decree and the subsequent arrearage judgment. The trial court declared both judgments void, ordered the Attorney General to return all monies recovered as back child support, and to pay appellee's attorney's fees in the amount of $3,500.00. The judgment neither grants nor denies the relief sought by appellant, Maria Buentello, in her petition for divorce of 1981, nor does it address the relief sought by the Attorney General in its motion for contempt. Upon reviewing the judgment, we determine that the order appealed from is not final, but interlocutory, in that it does not fully dispose of the original cause of action before the court below.

In *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979), the Supreme Court wrote extensively on the procedure to be followed in equitable bills of review. Two separate matters are implicated in a Bill of Review proceeding: 1) whether to set aside the prior judgment and, if so, 2) whether relief should be granted or denied to the original plaintiff. The complainant must assume the burden of proving that the judgment was rendered "as a result of fraud, acci-

dent, or wrongful act of the opposite party or official mistake unmixed with any negligence of his own." *Id.* at 409. Then, the bill of review defendant (the original plaintiff) must assume the burden of proving his original cause of action.

In the instant case, the trial court found in its judgment on bill of review that 1) appellant Maria Buentello was improperly granted a default judgment on July 26, 1983, due to appellee's timely filing of his original answer; 2) appellee had a meritorious defense to the divorce action as well as the arrearage judgment; 3) appellee was prevented from making his defense by the fraud, accident, or wrongful act of the appellants; 4) the July 26, 1983 divorce decree and the ancillary arrearage judgment are consequently null and void; and 5) appellants must return all child support payments received from appellee, and in addition pay attorney's fees and costs of court.

■ In finding that the prior judgments should be set aside because they were rendered as a result of fraud, accident, or mistake without the negligence of the complaining party, the trial court effectively disposed of the first issue of a Bill of Review mandated by *Baker.* However, it is apparent from the judgment that the trial court did not address the next question of whether appellant Maria Buentello had met her burden of proving the elements of her underlying divorce action, division of property, and child support. A judgment on bill of review which sets aside a prior judgment but does not dispose of the case on the merits is not a final judgment and is not appealable. *Palmer v. D.O.K.K. Benevolent and Insurance Assoc.,* 160 Tex. 513, 334 S.W.2d 149 (1960); *Kessler v. Kessler,* 693 S.W.2d 522, 527 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Crook v. Williams,* 526 S.W.2d 547 (Tex.Civ.App.—Tyler 1957, no writ). The judgment being interlocutory, this Court is without power to review it. *Palmer,* 334 S.W.2d at 149. The case remains on the docket of the trial court.

Having found we have no jurisdiction, we dismiss the appeal. Appellee's motion to dismiss for failure to comply with the rules of appellate procedure is dismissed as moot.

The appeal is DISMISSED FOR WANT OF JURISDICTION.