Chad MILLS, Appellant,

v.

CORVETTES OF HOUSTON, INC., Appellee.

No. 14–00–00581–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 2001.

Scott Richard Pitts, Houston, for appellants.

David Madack, Houston, for appellees.

Panel consists of Justices YATES, and WITTIG and Senior Chief Justice MURPHY.*

\* Senior Chief Justice Paul C. Murphy sitting by

## OPINION

YATES, Justice.

This is an attempted appeal by appellant, Chad Mills, who complains that the trial court erred in granting appellee's bill of review. Because we find that the trial court's order was not a final, appealable order, we dismiss the appeal for want of jurisdiction.

■ Mills sued appellee, Corvettes of Houston, Inc. ("Corvettes"). After Corvettes failed to appear or answer, the trial court entered a default judgment in Mills's favor ("the underlying lawsuit"). The default judgment was entered December 7, 1999. On February 11, 2000, Corvettes filed its original petition for bill of review, which Mills timely answered. From the sparse record now before us, it appears that in response to Corvettes' bill of review, the trial court held a hearing on March 29, 2000 to determine whether Corvettes had made out its defense under the bill of review-essentially, whether it had an explanation which would excuse its failure to answer the underlying lawsuit and, consequently, entitle Corvettes to a new trial. On April 5, 2000, the trial court entered an "Order Voiding Default Judgment," in which it found that, because Corvettes was not served with a copy of Mills's original petition in the underlying lawsuit, service was improper, and because service was improper, the resulting default judgment was improper. On April 19, 2000, the trial court entered a "Final Order on Bill of Review." In this order, the court purported to render "a final judgment of the bill of review [in favor of Corvettes] and the relief granted is the Judgement [sic] in [the underlying lawsuit] granted on December 7, 1999, is hereby vacated and that [Mills] take nothing." On May 17, 2000, Mills

assignment.

filed his notice of appeal of the trial court's "final order" entered April 19, 2000.

■■■ As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 194, 44 Tex. Sup.Ct. J. 364 (2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *Id.* An exception to the foregoing rules is found in the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon 2000). We construe section 51.014 strictly, however, as it "is a narrow exception to the general rule that only final judgments and orders are appealable." *Texas Dept. of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex.App.—Austin 1999, no pet.) (citing *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex.App.—Houston [14th Dist.] 1997, no pet.)). An order granting a bill of review is not among the enumerated items of section 51.014. TEX.CIV.PRAC. & REM.CODE ANN . § 51.014(a) (Vernon 2000).

■■■ The rule in Texas is well-established: An order which grants a bill of review and voids a judgment in an underlying lawsuit, but which does not dispose of the underlying lawsuit, is not a final, appealable order. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex.1995); *In re Moreno*, 4 S.W.3d 278, 280 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding); *State v. Buentello*, 771 S.W.2d 708, 710 (Tex. App.—Corpus Christi 1989, no writ) (citing *Palmer v. D.O.K.K. Benevolent & Ins. Assoc.*, 160 Tex. 513, 334 S.W.2d 149, 149 (1960)).[1] Because section 51.014 does not authorize an immediate appeal of the trial court's order, and because the trial court's order does not purport to dispose of all claims between the parties, without deciding the propriety of the trial court's ruling with respect to appellee's bill of review,[2] we dismiss the appeal for lack of jurisdiction. *Id.; see also Buentello*, 771 S.W.2d at 710 (citing *Palmer*, 334 S.W.2d at 149).

The appeal is dismissed for want of jurisdiction.

■■■

1. Mills claims that the trial court's final order on bill of review is tantamount to granting summary judgment on the bill of review. We disagree. Even assuming *Mills* is correct, the final order amounts to no more than a partial summary judgment—*i.e.*, although it purports to determine whether Corvettes has satisfied the elements of the bill of review, it does not purport to dispose of Mills's underlying lawsuit against Corvettes-and an order granting a partial summary judgment, where there is no severance, is an interlocutory, non-appealable order. *Bandera Elec. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex.1997). Moreover, a claim is properly severable only if "the controversy involves more than one cause of action, the severed claim is one that would be the proper subject to a lawsuit if independently asserted, and the severed claim is not so interwoven with the remaining action ▪that they involve the same facts and issues.... The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (citations omitted). A bill of review would not be the proper subject to a lawsuit if it were *independently* asserted.

2. *See, e.g., Levit v. Adams*, 850 S.W.2d 469, 470–71 (Tex.1993) (suggesting Texas Rule of Civil Procedure 306a would be an adequate legal remedy precluding relief by way of a bill of review, at least where the defendant in the underlying lawsuit learned of the final judgment within 90 days from the date judgment was signed).