**Vernon A. WOLTER, Appellant,**

v.

**M. Gregory DONALDSON, et ux., Appellees.**

No. 06–01–00124–CV.

Court of Appeals of Texas, Texarkana.

May 21, 2002.

John Worldpeace, Houston, for appellant.

Ben A. Baring, Jr., DeLange, Hudseph, McConnell & Tibbetts, LLP, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Vernon Wolter has filed an appeal. He filed his notice of appeal on July 24, 2001, and it states that the appeal is from "a postjudgment order issued in the 133rd Judicial District Court ..." The complained-of order was signed on March 16, 2001, and it directed the sale of a promissory note. The underlying lawsuit, a slander of title suit, involved the question of whether a house was sold, when it was sold, and the status of a promissory note given for the purchase price.

The order involved in this appeal is not the judgment in the lawsuit, but as Wolter acknowledges, it is a postjudgment order designed to enforce the judgment. The judgment does not appear in our record, but a copy of it is contained in the appendix to Wolter's brief. The judgment was signed on January 11, 1999. Wolter appealed that judgment to the Twelfth Court of Appeals, which modified and affirmed it on December 30, 1999. The Texas Supreme Court denied review.

M. Gregory and wife, Melanie P. Donaldson have filed a motion asking us to dismiss this appeal for want of jurisdiction. They correctly point out that Wolter's appellate brief attacks only the postjudgment order of March 16, 2001. In his prayer for relief, Wolter attacks the order of sale and also asks us to direct the trial court to vacate a later order of June 25, 2001, releasing the funds obtained through the

sale of the house, and to order that all moneys be returned to the registry of the court.

■■■ Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985). Exceptions are found in TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon 2002). We construe Section 51.014 strictly because it is a narrow exception to the general rule that only final judgments and orders are appealable. *Mills v. Corvettes of Houston, Inc.*, 44 S.W.3d 197, 199 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Tex. Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex.App.-Austin 1999, no pet.). The order complained of here is in the nature of a writ of execution. Neither a writ of execution nor an order incident to a writ of execution is appealable. *Schultz v. Fifth Judicial District Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex.App.-San Antonio 2001, no pet.); *Gonzales v. Daniel*, 854 S.W.2d 253, 255 (Tex.App.-Corpus Christi 1993, no writ).

Neither the order of sale nor the later order to release funds comes within the exceptions contained in TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 2002). They are not appealable orders.

Moreover, Wolter's notice of appeal explicitly states that his appeal is from the court's order of June 25, 2001, but his brief on appeal attacks the court's order of sale signed on March 16, 2001.

■■ Wolter also suggests that the 1999 judgment was not truly final and was made final only by the court's 2002 order. The judgment was rendered after a jury trial and was affirmed in a lengthy opinion by the Twelfth Court of Appeals. The judgment has been judicially determined to be final. Any complaint about that judgment is a collateral attack on a final judgment and may not be successfully maintained unless that judgment is absolutely void. We find no evidence that the judgment is void.

For the reasons stated, we dismiss the appeal.