Dismissed and Opinion filed January 16, 2003









Dismissed and Opinion filed January 16, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00495-CV

____________

 

G.
LYNN DOUGLAS, Appellant

 

V.

 

PROGRESSIVE
COUNTY MUTUAL INSURANCE CO. AND AUDREY PHILBERT, Appellees

 



 

On
Appeal from the 55th District Court

Harris
County, Texas

Trial
Court Cause No. 02-28189

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order denying a motion to
recuse, signed May 9, 2002.  Because there is no order or judgment from
which an appeal may be taken, we dismiss. 








Appellant, G. Lynn Douglas, filed a motion to recuse the Honorable Jeffrey V. Brown.  In accordance with the Texas Rules of Civil
Procedure, the matter was referred to the Honorable Olin Underwood for
consideration.  See Tex. R. Civ. P. 18a.  On May 9, 2002, Judge Underwood denied
appellant=s motion to recuse.  On May 13, 2002, appellant filed a notice of
appeal.  In the notice, appellant
specifically states she is appealing the order denying the motion to recuse.  See Tex. R. App. P. 25.1(d) (requiring notice of appeal to identify
judgment or order being appealed).  

As a general rule, an appeal may be taken only from a final
judgment.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 194 (2001); Mills
v. Corvettes of Houston, Inc., 44 S.W.3d 197, 199 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  A judgment is final for purposes of appeal if
it disposes of all pending parties and claims in the record, except as
necessary to carry out the judgment.  Id.  An exception to the general rule is found in
section 51.014(a) of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a) (Vernon Supp. 2002)
(providing for appeals of certain interlocutory orders).  Section 51.014 is strictly construed,
however, because it is a narrow exception to the general rule that only final
judgments and orders are appealable.  Mills, 44 S.W.3d at
199.  An order  granting or denying a motion to recuse is not among the enumerated exceptions in section
51.014.  See Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a) (Vernon Supp. 2002)  Thus, absent a
final judgment, an order on a motion to recuse is not
subject to appeal.  

On November 14, 2002, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  In the notice, we specifically stated that
the record before the Court does not contain a final, appealable
judgment or an appealable order.  We further stated that absent a final
judgment, an order on a motion to recuse is not
subject to appeal.  We stated that if
supplementation of the record is necessary to demonstrate jurisdiction, the
supplemental clerk=s record was to be filed on or before November 29, 2002.  No supplemental clerk=s record was filed; however, on
December 2, 2002, appellant filed a response to our notice and a motion to
retain.  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  Appellant does not argue that a final
judgment disposing of all parties and claims has been entered or that she is
attempting to appeal any order or judgment other than the order denying the
motion to recuse. 









Because there is no final judgment and an interlocutory
appeal from an order on a motion to recuse is not
statutorily permitted, we lack jurisdiction. 
Accordingly, the appeal is ordered dismissed.

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed January 16, 2003.

Panel consists of
Justices Yates, Anderson, and Frost.