COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-177-CV
 
HARTFORD UNDERWRITERS INSURANCE       
           
           
APPELLANT
V.
SHIRLEY MILLS                                                              
    
APPELLEE
------------
FROM THE 96
TH DISTRICT COURT OF TARRANT
COUNTY
------------
OPINION
------------
       
The issue in this appeal is whether the trial court abused its discretion in
granting appellee Shirley Mills's bill of review. In seven issues, appellant
Hartford Underwriters Insurance challenges the granting of the bill of review,
the findings of fact and conclusions of law on which the trial court's decision
is based, and the trial court's taking judicial notice of certain evidence. On
our own motion, we dismiss the appeal for want of jurisdiction.(1)
       
On May 14, 2003, we sent appellant's counsel a letter (a) indicating our concern
that we did not have jurisdiction over the case because the judgment granting
appellee's bill of review did not also dispose of the merits of the underlying
lawsuit, and (b) directing appellant's counsel to submit a response stating
grounds for continuing the appeal. See Tex. R. App. P. 42.3(a), 44.3; Jordan
v. Jordan, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam); Mills v.
Corvettes of Houston, Inc., 44 S.W.3d 197, 199 (Tex. App.--Houston [14th
Dist.] 2001, no pet.). Appellant filed a response on May 23, 2003.
       
In its response, appellant contends that the effect of the judgment granting the
bill of review, which has a different cause number from the underlying workers'
compensation case, is to require the parties to litigate the merits of the
underlying case under its former cause number. It claims that Jordan
and Mills are distinguishable in that the bill of review claims appear
to have been contained within the same cause numbers as the underlying cases. We
disagree.
       
A bill of review is an independent action brought to set aside a judgment that
is no longer appealable or subject to challenge by a motion for new trial. Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999). The procedural
requirements of a bill of review proceeding are as follows:

        
 First, in order to invoke the equitable powers of the court, the bill of
 review petitioner must file a petition alleging factually and with
 particularity that the prior judgment was rendered as a result of fraud,
 accident or wrongful act of the opposite party or official mistake unmixed
 with his own negligence. The petitioner must further allege, with
 particularity, sworn facts sufficient to constitute a defense and, as a
 pretrial matter, present prima facie proof to support the contention.
        
 Second, if a prima facie defense has been shown, the court will conduct a
 trial. At this trial, the petitioner must open and assume the burden of
 proving by a preponderance of the evidence that the judgment was rendered as
 the result of fraud, accident or wrongful act of the opposite party or
 official mistake unmixed with any negligence of his own. If the petitioner
 meets this burden, the factfinder will then determine whether the bill of
 review defendant, the original plaintiff, has proved the elements of his
 original cause of action. Once it is found that the petitioner is suffering
 under a wrongfully obtained judgment that is unsupported by the weight of the
 evidence, equity is satisfied and the court should grant the requested relief.

State v.
1985 Chevrolet Pickup Truck, 778 S.W.2d 463, 464-65 (Tex. 1989) (citations
and footnotes omitted).(2)  Thus, when the
trial court grants a bill of review and sets aside a judgment in a prior case,
the subsequent trial on the merits of the prior case occurs in the same
proceeding as the trial on the bill of review. See id. at 465.
       
A bill of review that sets aside a prior judgment but does not dispose of the
case on the merits is interlocutory and not appealable. Jordan, 907
S.W.2d at 472; Mills, 44 S.W.3d at 199.(3) 
The judgment granting the bill of review in this case indicates that the issues
in the underlying suit should be set for a trial on the merits, but does not
dispose of those issues.  Accordingly, the judgment is interlocutory and
not appealable. We therefore dismiss the appeal for want of jurisdiction.  See
Jordan, 907 S.W.2d at 472.
 
                                                           TERRIE
LIVINGSTON
                                                           JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
 
DELIVERED: June 12, 2003

1. Jurisdiction can be raised at any point in the
proceedings by either the parties or the court sua sponte. Tex. Dep't of
Transp. v. City of Sunset Valley, 92 S.W.3d 540, 547 (Tex. App.--Austin
2002, no pet.).
2. Although the bill of review petitioners in 1985
Chevrolet Pickup Truck were defendants in the underlying suit, a bill of
review is available to a party who was a plaintiff in the underlying suit. See,
e.g., Wolfe v. Grant Prideco, Inc., 53 S.W.3d 771, 775 (Tex. App.--Houston
[1st Dist.] 2001, pet. denied).
3. We find no reference in either of these cases to the
trial court cause numbers.