Dismissed and Memorandum Opinion filed February 12, 2008








Dismissed and Memorandum Opinion filed February 12, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00770-CV

____________

 

LIZZIE LOVALL, Appellant

 

V.

 

JUDY YEN, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 759371

 



 

 M E M O R A N D U M    O P I N I O N

This
appeal involves a forcible entry and detainer suit, wherein appellant, Lizzie
Lovall, appeals a judgment granted in favor of appellee, Judy Yen.  We dismiss
the appeal for lack of jurisdiction.

BACKGROUND








Appellee
originally filed her lawsuit against appellant in a justice of the peace court 
to regain possession of residential property and to recover unpaid rents.  The
justice court granted judgment in favor of appellee.  On August 15, 2001,
appellant perfected her appeal to County Civil Court at Law Number 3 by paying
a cash bond in the amount of $2,400.00 (the amount for which she was liable in
unpaid rents).[1]  While
appellant=s appeal was pending before the county court, appellant filed an
accelerated appeal with this court on an order by the county court requiring
her to deposit $550.00 into the court registry.  We dismissed the appeal for
lack of jurisdiction and issued our mandate on April 2, 2002.  See Lovall v.
Yen, 14-01-01108-CV, 2002 WL 58925 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(mem. op., not designated for publication).  On November 21, 2001, the county
court entered a final judgment in favor of appellee.[2] 
On December 5, 2001, appellant=s husband filed for bankruptcy; the notice of bankruptcy was
filed with the county court on December 6, 2001.[3]


Almost
four years later, no further appeals had been taken and appellee set a motion
for bond disbursement to retrieve the $2,400.00 cash bond.  Notice was sent to
appellant.  On September 14, 2005, the county court signed an order directing
the clerk=s office to release the cash bond from the court registry to appellee.[4] 
Appellant now appeals the bond disbursement order.  In three issues, appellant
argues that (1) the trial court did not have jurisdiction to disburse the cash
bond to appellee; (2) the trial court abused its discretion by granting relief
not requested by appellee; and (3) the trial court erred in failing to produce
findings of fact and conclusions of law.    








JURISDICTION

The
order involved in this appeal is not the judgment in the lawsuit, but a post
judgment order designed to enforce the judgment.  An appeal may be taken from a
final judgment disposing of all legal issues between all parties or from an
interlocutory order for which an appeal is authorized by statute.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).  Appellant argues that the
post judgment disbursement order in this case is a final and appealable
judgment because it is tantamount to a turnover order.  See Schultz v. The
Fifth Judicial District Court of Appeal at Dallas, 810 S.W.2d 738 (Tex.
1991) (turnover orders are final and appealable orders), abrogated on other
grounds by In re Sheshtawy, 154 S.W.3d 114 (Tex. 2004).  The bond
disbursement order in this case, however, is not equivalent to a turnover order
under section 31.002 of the Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 31.002 (Vernon Supp. 2006).  Section
31.002, commonly known as the turnover statute, allows a court to order a
judgment debtor to surrender or Aturn over@ her property for liquidation to
satisfy a judgment rendered against her.  See id.; see also Qualia v.
Qualia, 37 S.W.3d 128, 129 (Tex. App.CSan Antonio 2001, no pet.) (reasoning
that a turnover order is analogous to a mandatory injunction, requiring a
factual showing of non-exempt property owned by the debtor and resolving the
property rights as in a mandatory injunction).   In this case, the county court
did not order appellant to turn over non-exempt property for liquidation to
satisfy the judgment against her.  Nor did the order resolve the property
rights between the parties.  Instead, the bond disbursement order was directed
to the clerk=s office to release a cash bond previously paid to the court=s registry by appellant.  We hold
that the 2005 bond disbursement order is not a section 31.002 turnover order.








Moreover,
the bond disbursement order is not a final appealable order.  A judgment is
final for purposes of appeal when it determines the rights of all parties and
disposes of all issues in a case, so that no future action by the court will be
necessary to settle the entire controversy.  State ex rel. Latty v. Owens,
907 S.W.2d 484, 485 (Tex. 1995); see also Hinde v. Hinde, 701 S.W.2d
637, 639 (Tex. 1985) (holding that a judgment settling all legal issues and
rights between the parties is final and appealable, although further
proceedings may be necessary in its execution).  Here, the November 2001 final
judgment determined that appellee had the right to possession of the property
and was entitled to $2,400.00 in unpaid rents.  Thus, it is a final and
appealable order.[5]  The bond
disbursement order was merely a ministerial act incident to the final judgment,
providing for disbursement of funds directed by the November 2001 judgment,
akin to a writ of execution.  See Wolter v. Donaldson, 79 S.W.3d 160,
162 (Tex. App.CTexarkana 2002, no pet.) (stating that post judgment order to release
funds to prevailing party is in the nature of a writ of execution).  The usual
writs and orders aiding execution to collect a final money judgment are not, in
general, appealable orders.  Id.; Qualia, 37 S.W.3d at 129. 
Neither a writ of execution nor an order incident to a writ of execution is
appealable.  Wolter, 79 S.W.3d at 162.  We hold that the December
2005 bond disbursement order is not final and appealable.  See Myers v. Myers,
515 S.W.2d 334, 335 (Tex. App.CHouston [1st Dist.] 1974, writ dism=d) (stating that the court=s order to pay the judgment out of
funds deposited pursuant to a supersedeas bond was ancillary to the cause on
the merits and therefore not a final judgment for purposes of appeal).

Having concluded the complained of order is not final
and appealable, we dismiss the appeal for lack of jurisdiction.

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Memorandum
Opinion filed February 12, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The cash bond was paid to the justice court and
subsequently transferred to the county court on December 28, 2001.





[2]  Though the county court=s judgment is not apart of this record, the clerk=s docket sheet reflects the November 21, 2001
judgment. 





[3]  Although appellant alleges that a bankruptcy
proceeding was commenced over six years ago, she neither alleges, nor does the
record reflect, that the 2001 bankruptcy proceeding in still ongoing, or would
otherwise affect our jurisdiction in the instant appeal.  





[4]  Appellant produces no evidence that the 2001
bankruptcy proceeding was still pending at the time the court entered the
September 2005 disbursement order.





[5]  The record reflects that appellant did not further
perfect her appeal on the November 21, 2001 judgment to our Court.  Therefore,
we have no jurisdiction to review an appeal of this judgment.