# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2011

Lyle W. Cayce
Clerk

No. 10-20004
Summary Calendar

YOUNG AGAIN PRODUCTS, INC.,

Plaintiff–Appellee

v.

JOHN ACORD, MARCELLA ORTEGA;

Defendants–Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09–MC–282

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendants–Appellants John Acord and Marcella Ortega (collectively, "the Judgment Debtors") have appealed from various orders entered in the district court that allowed Plaintiff–Appellee Young Again Products, Inc. ("Young Again" or "the Judgment Creditor") to levy execution on all of the Judgment Debtors' business assets, in addition to their real and personal property, to satisfy a foreign judgment. Young Again moved to dismiss this appeal shortly after it was filed on the grounds that: (i) Acord and Ortega lacked standing because they had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20004

disclaimed all interest in the subject matter of the appeal, and (ii) because the appeal was taken from a series of non-final orders, this court lacked jurisdiction to consider the matter. The motion was carried with the case until the parties submitted briefing on the merits. For the reasons set forth below, we find that Young Again's motion to dismiss is well taken and should be GRANTED, and this APPEAL DISMISSED.

**I**

In 2004, Young Again brought suit against Acord, Ortega, and Supplement Spot, LLC in the U.S. District Court for the District of Maryland alleging trademark and copyright infringement, among other claims. In March 2009, the district court in Maryland entered a default judgment against Acord and Ortega and awarded Young Again damages in the amount of $3,832,832.40.[1] Acord and Ortega appealed the judgment to the U.S. Court of Appeals for the Fourth Circuit, where a decision remains pending.

In June 2009, Young Again registered the Maryland judgment in the U.S. District Court for the Southern District of Texas, where Acord and Ortega reside and own real property. 28 U.S.C. § 1963 allows a party to register one federal court's money judgment in another federal district court as a precursor to enforcement of the original judgment in the latter court. *See Home Port Rentals, Inc. v. Int'l Yachting Grp, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001). A judgment so registered has the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. *See* 28 U.S.C. § 1963. In light of Young Again's proper registration of the Maryland judgment, the district court in the Southern District of Texas issued, *inter alia*, two writs of execution, a writ of garnishment, and an order allowing Young Again to levy execution on the Judgment Debtors' business assets and real and personal property located

---

[1] Supplement Spot, LLC had been dismissed from the litigation in the interim.

No. 10-20004

in Texas.  This present appeal, notice of which was filed in December 2009, involves various claims of error in the district court's several writs and orders.

While Young Again was attempting to collect on its judgment against the Judgment Debtors in the district court, a separate action was underway in the U.S. Bankruptcy Court for the Southern District of Texas.  There, the bankruptcy trustee for Supplement Spot, LLC brought an adversary proceeding against Acord and Ortega to recover assets that were fraudulently transferred from the Supplement Spot, LLC estate.  In February 2010, six weeks after Acord and Ortega filed notice of appeal in the instant case, they entered into an Agreed Judgment in the bankruptcy court that disposed of that case.  As part of that agreement, Acord and Ortega stipulated that:

> Any and all personal property seized by Young Again Products, Inc. (the "Supplement Spot Assets") in connection with Civil Action No. 09–MC–0282, styled *Young Again Products, Inc. v. John Acord, et al.*, pending in the United States District Court for the Southern District of Texas . . . constitutes property of the Supplement Spot, LLC bankruptcy estate and/or was acquired with proceeds of property fraudulently transferred from the Supplement Spot, LLC bankruptcy estate.

The Agreed Judgment further stipulated that "Marcella Ortega and John Acord disclaim any interest in the Supplement Spot Assets."  With one exception, the personal property at issue in this appeal involves Supplement Spot Assets entirely.

As to Acord and Ortega's interest in real property—which was included in the writs of execution issued by the district court and subject to seizure, but not discussed in the Agreed Judgment entered in the bankruptcy court—the Judgment Debtors' counsel explained to the district court that the property at issue was in foreclosure and that Acord and Ortega no longer had any interest to protect in the property.  The record supports this representation.

No. 10-20004

## II

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Whether an actual controversy remains at this stage of the litigation is a question that we review de novo. *See Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998).

## A

Young Again first contends that Acord and Ortega no longer have standing to appeal the district court's various writs and orders. This is because, Young Again claims, the Judgment Debtors expressly disclaimed any interest in the *personal property* seized by Young Again as part of the bankruptcy case. And, as to the *real property* that was the subject of the district court's orders, Young Again notes that, by their own admission, Acord and Ortega no longer have any interest to protect in that property. Thus, the argument goes, the subject matter of this appeal has become moot and the appeal should be dismissed. We agree with this argument in part.

The starting point for our analysis of mootness "is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Here, the Judgment Debtors have indeed disclaimed the bulk of their rights in the personal property that Young Again had seized pursuant to the district court's writs of execution. But not all.

No. 10-20004

As described above, the Agreed Judgment entered in the bankruptcy court stipulated that Acord and Ortega disclaimed their interest in "any and all personal property seized by Young Again Products, Inc." in connection with the writs and orders that are the subject of this appeal. But in addition to this clause, which is all-inclusive on its face, the Agreed Judgment also includes a provision reserving in the Judgment Debtors certain rights relating to a limited number of personal property items.[2] An attachment to the Agreed Judgment ("Exhibit 1") sets out several items of Acord and Ortega's personal property that were to be specifically exempted from the bankruptcy estate's interest.[3] By implication, the interest in these specific items of personal property remained vested in the Judgment Debtors and was not disclaimed entirely, as Young Again contends.

And so, given that some of the items described in Exhibit 1 were, in fact, seized when the U.S. Marshals levied execution on the Judgment Debtors'

---

[2] Paragraph 3 of the Agreed Judgment provides that:

Notwithstanding paragraph 2 [the clause excerpted in Section I above], the Trustee hereby disclaims the bankruptcy estate's interest in the items listed on the attached **Exhibit 1**. If the Trustee recovers any of the items listed on **Exhibit 1**, he shall provide written notice of such recovery to Joe A. Izen, Jr. [the Judgment Debtors' attorney] and the Defendants shall have 15 days, from the day written notice is provided, to take possession of the recovered items.

[3] Exhibit 1 specifically exempted the following:

1.    Any and all photographs owned by Kenneth Acord or Sean Ortega, including photographs or inscriptions of family members of the Acord and/or Ortega family(s)
2.    Any family paintings owned by Kenneth Acord or Sean Ortega, including 2 oil portraits of members of the Acord and/or Ortega family ancestors
3.    Airplane and other miscellaneous toy models owned by Kenneth Acord and/or Sean Ortega
4.    Miscellaneous military memorabilia owned by Kenneth Acord and/or Sean Ortega
5.    Sean Ortega's uniform collection
6.    The pill making machines located in Forth Worth, Texas and leased by Natural Labs (see the attached "description of Leased Pill Making Machine")
7.    The Croix de Guerre earned by Marcella Ortega's father in World War I.

property, Acord and Ortega have shown a justiciable interest in these specific items. They have, however, disclaimed their interest in the remainder of the personal property seized by Young Again in its efforts to execute the district court's writs and orders. We find that Acord and Ortega's claims are moot as to all personal property not described in Exhibit 1.

As for the real property that was subject to levy under the district court's order, we note that only one parcel of land is at issue in this case—the real estate located at 9022 Deer Lodge Road, Magnolia, Texas. As the Judgment Debtors' counsel explained to the district court in a motions hearing in November 2009, this property was in foreclosure and Acord and Ortega no longer had any interest to protect in the property. The record on appeal supports this representation and includes the mortgagee's notice of foreclosure and sale on the real property located at 9022 Deer Lodge Road. Because Acord and Ortega are without any interest in the only real property at issue in this appeal, they have no rights in real property that an order of this court could serve to vindicate. *See Brown v. New Orleans Clerks & Checkers Union Local No. 1497*, 590 F.2d 161, 164 (5th Cir. 1979) (holding defendants' appeal from the grant of an injunction moot because "[t]his court could fashion no order that would change the relationship of the parties.").

The Judgment Debtors filed this appeal requesting certain, specific relief based on alleged errors in the district court's various writs and order. After initiating the appeal, Acord and Ortega either disclaimed or conceded their lack of interest in most all of the property rights that had satisfied Article III's actual controversy requirement. With the exception of the personal property described in the Agreed Judgment's Exhibit 1, we can no longer grant Acord and Ortega meaningful relief as to their claims and their appeal must be dismissed as moot.

No. 10-20004

## B

Next, Young Again contends that we lack jurisdiction to consider what remains of this appeal—the Judgment Debtors' claims relating to the seizure of personal property described in Exhibit 1—because the appeal was taken from a non-final order. We agree. Under Texas law,[4] the general rule is that a court order issued "for the purpose of carrying into effect an already-entered judgment is not a final judgment or decree and cannot be appealed as such." *Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex. App. 2008) (citing *Wagner v. Warnasch*, 295 S.W.2d 890, 892–93 (Tex. 1956); *see also Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) ("[T]he usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders.").[5]

Here, the district court entered two writs of execution, a writ of garnishment, several temporary restraining orders, and an order allowing Young Again to levy execution on the Judgment Debtors' business assets, all so that Young Again could satisfy its $3.83 million judgment against them. Acord and Ortega appealed from all of these writs and orders. But in light of our holding above, the writs of execution that authorized seizure of the Exhibit 1 property are the only judgments left before us. All other writs and orders appealed from have been mooted by the Judgment Debtors' litigation position towards their real and personal property. And because what remains of this appeal stems

---

[4] FED. R. CIV. P. 69(a) requires that the procedure on execution "must accord with the procedure of the state where the court is located," except that any statute of the United States governs to the extent applicable. The Judgment Debtors do not contend that any provision of the Bankruptcy Code or any other federal statute directs the method or procedure for execution of the registered judgment.

[5] This rule is subject to exceptions not applicable here. *See Schultz*, 810 S.W.2d at 740 (finding turnover order which resolved property rights and acted "in the nature of a mandatory injunction" to be appealable).

No. 10-20004

from the district court's writs of execution, we lack jurisdiction to consider the matter further. *See Wolter v. Donaldson*, 79 S.W.3d 160, 162 (Tex. App. 2002) ("Neither a writ of execution nor an order incident to a writ of execution is appealable.").

## III

Young Again's motion to dismiss this appeal for lack of standing and want of jurisdiction is GRANTED.

APPEAL DISMISSED.