**Opinion issued August 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00214-CV

————————————

## AMANDA BROUSSARD, Appellant

### v.

## THE BANK OF NEW YORK, Appellee

On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 13-CCV-050828

## MEMORANDUM OPINION

Appellant, Amanda Broussard, attempts to appeal from a post-judgment enforcement docket entry finding that a prior agreed final judgment was assignable by the judgment creditor, The Bank of New York Mellon ("Mellon"), to a transferee, W. Kelly Vandever Revocable Trust (the "Trust"). Appellee, the Trust,

has moved to dismiss the appeal for want of jurisdiction and for damages. After initially opposing the motion, the appellant on June 5, 2014 has moved to voluntarily dismiss her appeal. We grant the Trust's motion to dismiss the appeal and deny its motion for damages.

Mellon brought a forcible detainer action against the appellant in the trial court. On July 30, 2013, the trial court signed an agreed final judgment, finding that Mellon was entitled to judgment against appellant, and that it was intended to be a final and appealable judgment. Appellant did not timely file a notice of appeal regarding the July 30, 2013 final judgment. *See* TEX. R. APP. P. 26.1.

On August 6, 2013, Mellon conveyed the property to the Trust by a special/limited warranty deed. On November 25, 2013, the Trust requested issuance of a writ of possession, which the trial court clerk issued on November 26, 2013. After the Trust, as Mellon's transferee, sought to enforce the final judgment, appellant moved to vacate the Trust's writ of possession. At the post-judgment enforcement hearing held on January 17, 2014, the trial court ruled on the record that the July 30, 2013 agreed final judgment was assignable to the Trust and ordered appellant to vacate her property by January 27, 2014. Although the trial judge stated that a "[s]upersedeas bond will be ordered in the amount of $10,980 to be posted within ten days from the date of the signing of this order," the trial judge only signed a docket entry and did not later sign a separate written order

2

or judgment.  On March 11, 2014, the appellant filed her notice of appeal from the January 17th docket entry.

Generally, appellate courts only have jurisdiction over appeals from final judgments or from certain interlocutory and post-judgment enforcement orders for which appeal has been expressly authorized.  *See Ferguson v. Walker*, No. 09-10-00174-CV, 2010 WL 285432, at *1 (Tex. App.—Beaumont July 22, 2010, pet. denied) (mem. op.) (citing, *inter alia*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) and TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014 (Vernon 2008 & Supp. 2009)).  "A judgment is final for purposes of appeal 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'"  *Jones v. Brelsford*, 390 S.W.3d 486, 495 (Tex. App.—Houston [1st Dist.] 2012) (quoting *Lehmann*, 39 S.W.3d at 192-93).

Here, the trial court's January 17, 2014 docket entry was not a judgment that contains finality language because it merely stated that the July 30, 2013 agreed final judgment was assignable to the Trust.  The January 17th docket entry was made during a post-judgment enforcement hearing and is in the nature of a writ of execution, but "[n]either a writ of execution nor an order incident to a writ of execution is appealable."  *Wolter v. Donaldson*, 79 S.W.3d 160, 162 (Tex. App.—

3

Texarkana 2002, no pet.) (citing, *inter alia*, *Schultz v. Fifth Judicial District Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991)).  Furthermore, while "[w]e have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly confers appellate jurisdiction," the January 17th docket entry was not an interlocutory order for which a statute has expressly authorized an appeal.  *Jones*, 390 S.W.3d at 495 & n.6 (citing, *inter alia*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)-(11) (West Supp. 2012) (setting forth eleven types of appealable interlocutory orders)).  Therefore, the trial court's January 17th docket entry was neither a final judgment nor an appealable interlocutory order.

Generally, a notice of appeal is due within thirty days after the judgment is signed.  *See* TEX. R. APP. P. 26.1.  The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or, if findings of fact and conclusions of law are required by the Rules of Civil Procedure or could properly be considered by the appellate court, a request for findings of fact and conclusions of law.  *See* TEX. R. APP. P. 26.1(a).

Here, the trial court signed the agreed final judgment on July 30, 2013, which was the only appealable judgment.  Thus, appellant's March 11, 2014 notice of appeal was untimely.  *See* TEX. R. APP. P. 25.1(c), 26.1.  Therefore, we grant the Trust's motion to dismiss for want of jurisdiction.

The Trust has also moved to impose damages, arguing that appellant had filed a frivolous appeal and motion to stay enforcement of the trial court's judgment because appellant filed her supersedeas bond and notice of appeal well after the expiration of her August 29, 2013 appellate deadline. Although we may award damages to a prevailing party for a "frivolous" appeal, we decline to conclude that appellant's counsel's mistaken interpretation of the trial judge's statement at the end of the January 17, 2014 post-judgment enforcement hearing — that he would sign that order — makes this attempted appeal "frivolous" such that it warrants damages. *See* TEX. R. APP. P. 45; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Thus, we deny the Trust's request for damages.

Accordingly, we grant the Trust's motion to dismiss the appeal for want of jurisdiction, deny the Trust's motion for damages, and dismiss this appeal. *See* TEX. R. APP. P. 42.3(a). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.