

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00317-CV

NANCY SUE MORRISON, APPELLANT

V.

SHERIFF WESLEY CRITES AND
DEPUTY D.B. MARCOLESCO, APPELLEES

On Appeal from the County Court
Wheeler County, Texas
Trial Court No. 1963, Honorable Jerry Dan Hefley, Presiding

July 28, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appearing *pro se*, appellant Nancy Sue Morrison challenges an order of the county court dismissing her appeal of an order of the justice court. On our own motion we conclude we lack subject matter jurisdiction to review the merits of her challenge. We will vacate the county court's order and dismiss the attempted appeal.

Background

On December 4, 2013, Morrison obtained a default judgment in justice court against Sandy Castillo for $1,819.30. Neither party appealed the judgment to county court. The justice of the peace issued a writ of execution on January 8, 2014, returnable in thirty days. Morrison apparently filed an instrument in the justice court on March 19, 2014, complaining of the execution procedure. Following a March 26, 2014 hearing, the justice of the peace granted Morrison a "refund" of $150 and a "new properly executed writ of execution in the amount of $150.00. If [Morrison] so chooses to file."

On April 7, 2014, Morrison then filed in the justice court a pleading entitled "motion to recover full amount of judgment." Citing Civil Practice and Remedies Code sections 34.064 and 34.065,[1] she alleged the actions and inactions of appellees

---

[1] In her attempt to recover the full amount of the judgment, Morrison mistakenly relied on the former versions of sections 34.064 and 34.065, which provided:

34.064 Improper Return of Writ. If an officer neglects or refuses to return a writ of execution as required by law or makes a false return on a writ of execution, the officer and his sureties are liable to the person entitled to receive the money collected on the execution for the full amount of the debt, plus interest and costs. The total amount is recoverable on motion of the plaintiff filed with the court that issued the writ, following five days' notice.

34.065 Failure to Levy or Sell. If an officer fails or refuses to levy on or sell property subject to execution and the levy or sale could have taken place, the officer and his sureties are liable to the party entitled to receive the money collected on execution for the full amount of the debt, plus interest and costs. The total amount is recoverable on motion of the party filed with the court that issued the writ, following five days' notice to the officer and his sureties.

Wheeler County Sheriff Wes Crites and a deputy, D.B. Marcolesco, prevented her from recovering the full amount of her judgment against Castillo. She prayed for recovery of this amount from the sheriff and deputy. In other filings, Morrison also mentions recovery from the officers' sureties. The motion was denied by order of the justice court.

On April 7, Morrison filed a notice of appeal in the justice court challenging the denial of her motion. She filed the same instrument in the county court on April 17. It is undisputed that Morrison did not, and has not, properly perfected an appeal from justice court to county court in the manner required by rule.[2] In July 2014, Sheriff Crites and deputy Marcolesco moved the county court to dismiss Morrison's case against them.

The Legislature rewrote these sections in 2007 effective for duties performed after September 1, 2007. *See* Act of May 17, 2007, 80th Leg., R.S, ch. 421, §§ 4, 8, 9, 2007 Tex. Gen. Laws, 750, 751, 753 (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 34.064 & 34.065 (West 2015)). In their current form, these sections apply to Morrison's case. Under section 34.064 an officer who refuses to amend or file a return of writ may be subject to an order of contempt and fine ranging from $10 to $100 under Civil Practice and Remedies Code section 7.001(b). TEX. CIV. PRAC. & REM. CODE ANN. § 7.001(b) (West Supp. 2014) & § 34.064(c) (West 2015). Morrison did not seek an order of contempt, but as noted, argued for recovery of the full amount of judgment. Under current section 34.065, if an officer fails or refuses to levy on or sell property subject to execution, and the judgment creditor seeking relief under the section proves certain enumerated facts, the officer and his sureties are liable to the judgment creditor only for actual damages suffered.

[2] *See* TEX. R. CIV. P. 506.1(h) ("An appeal [from justice court to county court] is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule"). Because of our disposition, we do not consider the jurisdictional question whether Morrison made a bona fide attempt to invoke the county court's jurisdiction. *See Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.,* 244 S.W.3d 838, 839 (Tex. 2008) (per curiam) (quoting *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex. 1989)) ("the factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction" (quotation marks omitted)).

The basis of their complaint was Morrison's asserted failure to have them served with citation. The motion was heard and granted by written order of the county judge.

## Analysis

As noted, by seeking to recover by motion the full amount of her justice court judgment from the sheriff and deputy, Morrison relied on a superseded statute, and sought a post-judgment remedy not provided by current law. Claims for damages under section 34.065 must be brought as a separate lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.068(b) (West 2015) (a claim for damages under, *inter alia,* section 34.065 "shall be brought in the form of a lawsuit filed against the officer in the county in which the officer holds office"); § 34.076 (subchapter D of chapter 34 "is exclusive remedy for violations of an officer's duties with regard to the execution and return of writs").

Statute also establishes which judgments of a justice court are appealable to county court. TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) (West 2015) ("In a case tried in justice court in which the judgment or amount in controversy exceeds $250, exclusive of costs, or in which the appeal is expressly provided by law, a party to a final judgment may appeal to the county court"). The justice court's denial of Morrison's motion was neither a final judgment nor an order made appealable by statute or rule. Her motion, unauthorized by statute, was merely a post-judgment motion incident to the writ of execution. "Neither a writ of execution nor an order incident to a writ of execution is appealable." *Wolter v. Donaldson,* 79 S.W.3d 160, 162 (Tex. App.—Texarkana 2002, no pet.) (citing *Schultz v. Fifth Judicial Dist. Ct. of Appeals,* 810 S.W.2d 738, 740 (Tex.

4

1991), *abrogated on other grounds by In re Sheshtawy,* 154 S.W.3d 114 (Tex. 2004) (per curiam)); *see Fuller v. Harrell,* 07-05-00322-CV, 2006 Tex. App. LEXIS 4263 (Tex. App.—Amarillo May 17, 2006, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when appellant failed to obtain an appealable order from justice court before appealing to county court at law).

Accordingly, Morrison did not invoke the jurisdiction of the county court when she attempted to appeal the justice court's order. An appellate court considers the question of its jurisdiction even if not challenged by a party. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex. 2004), *superseded by statute on other grounds,* TEX. GOV'T CODE ANN. § 311.034 (West 2013). Because the county court lacked jurisdiction to consider Morrison's attempted appeal, we vacate the order of the county court and dismiss her attempted appeal. TEX. R. APP. P. 43.2(e); *see State ex rel. Kelly v. Baker,* 580 S.W.2d 611, 612-13 (Tex. Civ. App.—Amarillo 1979, no writ).


James T. Campbell
Justice