**Dismissed and Memorandum Opinion filed August 23, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-21-00281-CV

---

## SANDRA ST. JOHN, Appellant

## V.

## RAYMOND CRAIG HEARNE, JUNIOR, Appellee

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 483017**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal of an order granting a bill of review in a probate proceeding. Because we lack jurisdiction at this stage in the proceeding, we dismiss the appeal.

### Background

The underlying probate proceeding concerns the estate of decedent Martin Edward Baker. Baker had been married twice. Baker's first marriage was to wife

Kim, with whom Baker had four children, including appellant Sandra St. John. After Baker and Kim divorced, Baker married wife Michele. Baker and Michele allegedly adopted two children, whose biological father was appellee Raymond Craig Hearne, Jr. Michele predeceased Baker, who died in October 2019.

After Baker's death, St. John filed an application for a determination of heirship, alleging that Baker's four biological children were his lawful heirs and that each was entitled to a one-fourth interest in Baker's estate. The probate court appointed an attorney ad litem to defend the interest of any heirs whose names or whereabouts were unknown or suffering legal disability. The county clerk served the unknown heirs by publication of citation. On August 19, 2020, the probate court signed a judgment declaring heirship and finding that Baker's four biological children were his heirs and therefore entitled to a one-fourth interest in Baker's personal and real property.

St. John also represented to the court that Baker died intestate and requested letters of administration. On August 18, 2020, the probate court appointed St. John independent administratrix and issued letters of independent administration.

On November 17, 2020, Hearne filed an application to probate a will purportedly executed by Baker, which excluded all of Baker's children and named Michele sole heir; if Michele predeceased Baker, then Baker's estate was to go to Hearne. The probate court did not take action on Hearne's application.

On April 15, 2021, Hearne filed a petition for bill of review. Hearne alleged that he was unable, prior to St. John's appointment as administratrix, to present Baker's will or information about Baker's two adopted children because he was not given notice as an heir of Michele.[1] Hearne asked the court to vacate the

---

[1] The relationship between Michele and Hearne is unclear from the record.

2

judgment appointing St. John administratrix and the judgment of heirship, to grant a new trial, to render a judgment that St. John take nothing, to assess costs against St. John, and to award Hearne all other relief to which he was entitled.

On April 22, 2021, the probate court signed three orders (1) granting the bill of review, (2) vacating the August 18, 2020 order appointing St. John administratrix, and (3) vacating the August 19, 2020 judgment declaring heirship. However, those orders did not take any further action or dispose of any part of the underlying case (such as appointing a new administrator, signing a new judgment declaring heirship, or admitting or denying the purported will to probate). None of the orders contained any language indicating the court's intent to render a final judgment. St. John filed a notice of appeal, challenging the probate court's ruling granting the bill of review.

On April 29, 2022, we notified the parties that our jurisdiction was in question and asked the parties to show why the appeal should not be dismissed for want of jurisdiction. *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (order in a bill of review proceeding that sets aside the prior judgment but does not dispose of underlying case is interlocutory and not appealable); *Bowe v. Engelhardt*, No. 14-19-00200-CV, 2019 WL 2631056, at \*1 (Tex. App.—Houston [14th Dist.] June 27, 2019, no pet.) (mem. op., per curiam). Both parties responded and asserted that we have jurisdiction.

## Analysis

Generally, an appeal may be taken only from a final judgment.[2] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 194 (Tex. 2001). "The rule in Texas is well-

---

[2] There are exceptions, of course, such as the statutorily enumerated interlocutory appeals authorized by the legislature in section 51.014 of the Texas Civil Practice and Remedies Code. We have not found any statute authorizing an interlocutory appeal from an order granting a bill of review.

established: An order which grants a bill of review and voids a judgment in an underlying lawsuit, but which does not dispose of the underlying lawsuit, is not a final, appealable order." *Mills v. Corvettes of Houston, Inc.*, 44 S.W.3d 197, 199 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Here, concurrently with granting the bill of review, the probate court set aside the order appointing St. John administratrix and the judgment declaring heirship. But the record does not reflect that the court disposed of any contested issue, such as probating the will offered by Hearne. Thus, the probate court's order granting the bill of review is not a final, appealable order. *See Jordan*, 907 S.W.2d at 472; *Mills*, 44 S.W.3d at 199.

Both St. John and Hearne argue that the rule is different in probate proceedings. It is true that probate and guardianship proceedings present "an exception to the 'one final judgment' rule." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). "[I]n such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* This exception reflects the necessity of reviewing "'controlling, intermediate decisions [in probate and guardianship matters] before an error can harm later phases of the proceeding[.]'" *Id.* (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)). For probate and guardianship proceedings, *Crowson v. Wakeham* establishes the test for finality. There, the supreme court explained that an order disposing of all issues and all parties "in the phase of the proceeding for which it was brought" is final and appealable even when the proceeding remains pending as to other issues. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

The supreme court has not answered the question whether "disposition of a petition for bill of review in a guardianship case is a separate proceeding governed by the one-final-judgment rule or a discrete phase of a guardianship proceeding

4

falling under an exception to that rule." *In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021) (per curiam). The distinction was immaterial in *Jones* because, under either *Lehmann* or *Crowson*, the order disposed of all issues and parties at the relevant stage of the proceedings and so was final and appealable. *See id.* at 926 (because order actually disposed of all parties and claims with respect to the petition for bill of review, either viewed as a separate proceeding or as a discrete phase of the guardianship proceeding, the order was final and appealable).

We likewise need not decide whether we should analyze the appealability question under *Lehmann* or *Crowson*. There is no question that the probate court's order granting the bill of review did not dispose of all claims and all parties, as would be required to be a final and appealable order under *Lehmann*. *See Lehmann*, 191 S.W.3d at 205 (when there has not been a conventional trial on the merits, an order or judgment is not final and appealable unless it actually disposes of all parties and all claims or unequivocally states as such). And under *Crowson*, the probate court's order granting Hearne's bill of review did not dispose of a particular, discrete phase of the probate proceeding for which the bill of review was brought. There has been no final determination of heirship or of will validity, nor a ruling to admit or deny the purported will to probate.[3] Indeed, the probate court did not grant all of the relief sought in Hearne's bill of review, such as "render a judgment . . . that [St. John] takes nothing," or "[a]ssess costs against [St. John]."

For these reasons, St. John's reliance on Estates Code section 202.202 does not change the outcome. Section 202.202 provides that a judgment in a proceeding

---

[3] The docket sheet in our record reflects that the probate court held a bench trial on "Contest of Will" on June 14, 2021, but neither the docket nor our record shows a resultant judgment or disposition.

to declare heirship is a final judgment and appealable. *See* Tex. Est. Code § 202.202. But that statute highlights the exact problem with this attempted appeal—there is no judgment declaring heirship because the probate court set aside the original judgment and did not sign a new judgment.

In this case, the probate court essentially unwound the probate proceeding to the beginning, but there has been no further adjudication or determination of any disputed issue. We hold that the order granting the bill of review is not appealable in these circumstances. *See, e.g.*, *Jordan*, 907 S.W.2d at 472; *Mills*, 44 S.W.3d at 199; *see also In re Est. of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, orig. proceeding) (denial of statutory bill of review was not appealable order: "Because there are ongoing proceedings and unresolved issues relevant to the order, we conclude under these circumstances the order does not terminate a discrete phase of the probate proceeding."); *Barton v. Buchanan*, No. 03-01-00605-CV, 2002 WL 220563, at *1 (Tex. App.—Austin Feb. 14, 2002, no pet.) (not designated for publication) (in probate proceeding, "[a] bill of review setting aside a prior judgment and reinstating the cause does not dispose of the merits of the case and is interlocutory and not appealable").

**Conclusion**

We dismiss this appeal for lack of jurisdiction.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.

6